Battle, J.
 

 This suit was brought against the defendant, Cox, and his sureties on his bond as Constable, by the relator, in the nameof the State, and was returned “executed” to the May Term, 1853, of Sampson County Court. It was then continued from Term to Term until February Term, 1854, when, on motion, a rule was obtained on the relator, to show cause why he should not give a prosecution bond, and the cause was then taken to the Superior Court. In that Court, at Spring, Term, 1854, before his Honor Judge SauNDERS, the motion was argued and disallowed, and the defendants prayed and obtained an appeal to the Supreme Couft.
 

 No reason is assigned in the case why the motion was made, nor why it was disallowed. We have had the benefit of an argument for the relator only, and that, not by the counsel who appeared for him in the Court below. We may not be able, therefore, to ascertain the true grounds upon which the motion of the other party was based. ~We suppose, however, that it was upon one or the other of two grounds, both of which depend upon the express words, or the just construction of the 44th section of the 31st chapter of the Revised Statutes. That section directs the clerks of Courts of Record, to take from plaintiffs, bonds with security for the prosecution of suits, before the writs are issued, and declares that if “ any writ or leading process shall be issued without such security being given or order (to sue
 
 in forma pauperis)
 
 made, the same shall be dismissed by the Court, on motion of the defendant.” If the object of the motion in this case was to obtain an order from the Court to dismiss the suit for want of a prosecution bond, it ought to have been so made in express terms. If it was to obtain other or additional security, under the power of the Court to protect its suitors, de
 
 *375
 
 rived either from the common law, or the just construction of the section aforesaid, (see Tyler v. Person, 1 Murph. Rep. 498,) then it was addressed to the discretion of the Court. Taken in either way, we cannot disturb the order made in the Superior Court, because that Court did right in declining to dismiss the suit when no motion to that effect was made, and whether it did right or not, in disallowing the motion which was made, it was a discretionary exercise of power, which we are not at liberty to revise. The order must be affirmed.
 

 Judgment affirmed.