Wm. B. Ligon *v.* Emily E. Bishop and A. S. Bishop, Exrs.

1. Attachment—Parties—Practice.—A variance between the names, number and identity of the parties plaintiff in an attachment and the declaration filed in the same suit, will be fatal on demurrer, but may be cured by amendment.

2. PROFERT—PRACTICE.—In all actions by executors, administrators or guardians, profert of the letters giving the plaintiff his official character should be made with the declaration, and the failure to do so will be fatal on demurrer; but may be cured by amendment.

Error to the circuit court of Pike county. McNAIR, J.

The plaintiff in error assigned the following errors :

The court below erred in overruling the demurrer, and rendering judgment by default against plaintiff in error.

*D. W. Hurst, and Harris & Withers*, for the plaintiff in error.

The defendant in the court below assigned as a cause for demurrer, a variance between the writ of attachment and declaration. On inspection, it will appear that the affidavit was made by two of the plaintiffs in the court below; the bond followed the affidavit, and the attachment followed the affidavit and bond. The declaration contained the names of two others, to-wit: Summers and Packwood, as plaintiffs, who were not mentioned in any process that preceded it. The writ of attachment is the leading process in the case ; and for the purpose of giving notice, etc., it takes the place of the original writ at common law, or the process of summons under our statute. And if a variance substantially exists between the writ or summons and the declaration, it is a good cause of demurrer. 1 Chitty's Pl., 450. In this case the variance is so apparent as to admit of no doubt of the affidavit, bond and attachment being in the name of two, and the declaration in the name of four plaintiffs. The other cause of demurrer is well taken if the court was bound to know that the security on the attachment, Packwood, and the plaintiff Packwood, were the same person. We think it is sufficiently certain to justify the court in sustaining the demurrer and ordering an amended bond to be filed.

The other cause is certainly well taken. We know of nothing that relieves an executor from the rule of making profert of his letters, and the omission to do so will be good cause for special demurrer. We believe that each of the three special causes of demurrer of the plaintiff in error was well taken, and that the judgment of the court below should

have been that the demurrer be sustained, and leave given to amend, and after amendment was made, that defendant have leave to plead.

*S. E. Packwood,* for defendant in error.

This is an attachment case, and the facts sufficiently appear by the affidavit, bond, writ and declaration in the case. The plaintiff in error has assigned four special causes of demurrer, viz:

1st. The parties by whom the attachment was sued out, are the above named E. E. Bishop and A. S. Bishop only. Yet the delaration sets forth the names of John N. Sumner and Jos. H. Packwood, as additional plaintiffs, though the attachment was not obtained at their suit. This ground of demurrer is certainly not tenable, for, in a case of this kind, it is not requisite for all of the executors jointly to make the necessary oaths upon which to base an attachment. In many cases, where the executors reside at distant points from each other, no attachment could be sued out in those cases requiring a speedy and summary exercise of this remedy. Beside the facts upon which the affidavit is made may be exclusively within the knowledge of one of the executors. That one executor or administrator may act for the benefit of the estate as effectually as all, is believed to be too plain a proposition to require citation of authorities.

2d. The plaintiffs in attachment and plaintiffs in the declaration are different. Was it proper to make all of the executors parties plaintiff in the declaration? All the executors represented the estate, and if a judgment was to be obtained, it was proper that it should be in favor of them in their joint fiduciary capacity. If the position assumed be a good one, that one executor may sue out an attachment, and if it be necessary—or at least, not improper—that all of the representatives of the estate join in the declaration on the attachment, the second ground of demurrer avails not.

3d. If the parties named in the declaration as plaintiffs, are such, then the attachment bond would be a nullity for want of the security required by law, there being no obligors

in said bond except such as are parties plaintiff, according to the declaration. This is really the only plausible ground of demurrer in the case, and this is fallacious, as an examination of it will show. How is the security, J. H. Packwood, on said bond, bound? Certainly not in his fiduciary capacity; and as he signed the bond individually, his individual property is bound. Alfred S. Bishop and E. E. Bishop, the executors, are bound in their fiduciary capacity, and in that capacity only. Packwood, the security, is bound individually. According to the idea, upon which this ground of demurrer is based, the liability of Packwood, the security, is the same as that of the Bishops, which is not the case.

4th. The plaintiffs have not made profert of their letters testamentary. It is not denied by special plea that the aforesaid executors are the proper executors of the will of Raiford. And this is certainly necessary. The description of the character of the defendants in error, is that of executors. In that character they sued; and it is not denied under oath. Rev. Code, 518, art. 234; 38 Miss., 631; 39 Miss., 399.

TARBELL, J.:

This case comes to us upon demurrer to declaration, stating as causes of demurrer, a variance between declaration and attachment, and that the declaration does not make profert of letters testamentary. The facts are substantially these: On the 25th day of October, 1866, " Emily E. Bishop, executrix of the will of N. B. Raiford, deceased, and A. S. Bishop, executor of the aforesaid will, in right of his wife, the aforesaid Emily E. Bishop," made oath before Joel J. Bullock, Esq., a justice of the peace of Pike county, " that Wm. B. Ligon is justly indebted to them as executors of the estate of N. B. Raiford, deceased, in the sum of $1,234 68, and that," etc. At the same time Emily E. Bishop and A. S. Bishop, with Joseph H. Packwood, filed their bond on attachment, etc. Thereupon the magistrate issued a writ of attachment against said Ligon, in favor of said Emily E. and A. S. Bishop, as executors, etc., returnable to the circuit court, etc.

On the 20th day of February, 1857, Emily E. Bishop, Alfred S. Bishop, John N. Summers, and Joseph Packwood, as executors, etc., of N. B. Raiford, deceased, joined, as plaintiffs, in the declaration upon the foregoing writ of attachment, referring particularly in the declaration to the attachment papers above, and declaring them a part thereof.

Defendant demurred to this declaration, assigning the following special causes:

1. The parties for whom the attachment was sued out, and at whose suit the same was obtained, are the above named Emily E. Bishop and A. S. Bishop, only. Yet the declaration sets forth the names of John N. Summers and Joseph H. Packwood, as some of the parties plaintiff, though the said attachment was not obtained at their suit.

2d. The plaintiffs in the attachment and the plaintiffs in the declaration are different.

3d. If the parties named in the declaration as plaintiffs are such, then the attachment bond would be a nullity for want of the security required by law, there being no obligor in said bond, except such as are parties plaintiff, according to the declaration.

4th. The plaintiffs have not made profert of their letters testamentary in their declaration.

The demurrer was overruled, and the following is the order of the court below, thereupon, or so much as is material, viz: " And the said defendant having failed to file a plea supported by affidavit of a good and substantial defense, it is further ordered by the court that the said plaintiffs, Emily E. Bishop, Alfred S. Bishop, John N. Summers and Joseph H. Packwood, executors," etc., " do have and recover of and from the defendant," etc., " the sum of," etc., " with interest at the rate of ten per cent.," etc. Thereupon, defendant, Ligon, brought writ of error to this court, and assigns a single cause of error, to-wit: that " the court below erred in overruling the demurrer and entering judgment by default against the plaintiff in error."

The questions for our consideration are:

1. The variance between the attachment and declaration; and, 2. The omission of profert of letters, etc., in the declaration.

We understand the practice to be too well settled to require discussion or elucidation upon the points stated. The affidavit, writ, and declaration should correspond. The variance is fatal on demurrer. We know of no rule dispensing with profert of letters, etc., and think the demurrer in this respect also well taken. Chit. Pl., Graham's Ch. Pr. and Genl. Pr. The points in this case are made the more emphatic, if possible, by the reference in the declaration to the attachment papers, requesting them to be taken as a part thereof. The plaintiffs will be entitled to amend, and when this cause is again before the circuit court, parties will find no difficulty on the subject of amendments by referring to the Code.

The judgment of the court below is reversed and cause remanded.