## A. K. VAUSE et al. *v.* E. WOODS, Admr.

1. CHANCERY — RECEIVER — WHEN APPOINTED. — To warrant the appointment of a receiver, the circumstances must show a manifest propriety and fitness to place the fund or property in the custody of the court. It can only be done at the instance of a party who has an acknowledged interest, or a strong presumption of title, and where the property, or its rents and profits are in danger of being injured or lost. As against the legal title the interposition is with reluctance, and takes place only in case of fraud, clearly proved, and danger to the property.

2. CASE CITED — SAME. — The case of Mays v. Rose, Freeman's Ch. 718, cited and sanctioned, as to the chancellor's summary of the grounds for the appointment of a receiver.

3. SAME — SAME — WHEN APPOINTED AGAINST MORTGAGEE OR EXECUTOR. — A receiver will not be appointed at the instance of a mortgagee, except upon the ground that the property is insufficient to pay his debt, and, therefore, pending litigation, he should have the rents and income. Nor will a receiver be appointed against an executor, except in case of an abuse of his trust, or danger of insolvency.

4. SAME — SAME — WHERE CONTEST OVER TITLE. — Where the contest is over the title, the defendant, if he has apparently and ostensibly the legal title, will not be deprived of possession unless upon a very strong case of risk of loss of the property and inability to respond, from insolvency, to the decree.

5. SAME — NOTICE NECESSARY. — The appoinment of a receiver, without the notice required by statute, is erroneous.

APPEAL from chancery court of Jefferson county. ELLIS, Chancellor.

This is an appeal from an interlocutory decree of the chancery court of Jefferson county appointing a receiver in the above case, now pending. The motion was heard by the chancellor in vacation upon bill and amended bill,

answers, depositions and proofs.   The history of the case is briefly this : Ephraim Woods (the appellee), as administrator of David M. Woods, brought suit, in the Jefferson circuit court, against William G. Vause, for the recovery of a debt due and owing by Vause to the estate of said Woods.   Vause died while said suit was pending.   It was subsequently revived against J. B. Wigginton, his administrator, and at the July term, 1870, of said circuit court, judgment was rendered in favor of Woods, as administrator, against Wigginton, as administrator, for $13,831 50.   Execution, issued upon this judgment, was levied upon a lot of cattle, stock, etc., in the possession of Abram K. Vause and Mary J. Vause, his wife, which was claimed by Mary J., and a writ of replevin sued out by her and her husband, which is still pending in the Jefferson circuit court.   Woods, as administrator, then filed his bill in the Jefferson chancery court, for the purpose of subjecting, to the satisfaction of his judgment, lands and personal property, which William G. Vause had owned when Woods brought suit against him, and which, the bill alleges, he has fraudulently transferred to his son, Abram K. Vause, and Mary J. Vause, and other members of his family, for the express purpose of preventing Woods from reaping any benefit from his judgment, after he should recover it.   The defendants (the appellants) in their answers deny the truth of the charges of fraud made against William G. Vause, and claim to be *bona fide* purchasers, for value, of all the lands and personal property of said Vause that is in controversy.

The following errors were assigned, to wit : That the court erred in appointing a receiver, because, 1st. The bill does not show a case proper for such appointment ; 2d. All the equity of the bill is denied by the answer, and, therefore, on bill and answer, there could be no ground for such appointment ; 3d. It was error to consider the application as upon proofs and depositions filed, when exceptions were taken and filed to the depositions of defendants, which were continued by

consent and not disposed of when the motion was heard; 4th. The motion was heard contrary to the agreement of counsel, that it should be heard November 28th, 1871, or "otherwise, by agreement of counsel as to time in the ensuing vacation;" and it was heard in vacation without agreement or consent of defendant's counsel as to the time.

*Martin & Cassedy* and *A. H. Handy*, for appellants.

The bill sets up no legal title to the property in the appellee, and the answers and exhibits show, on their face, a legal title in the appellants. The appointment of the receiver is claimed simply on the ground that the appellants, having the legal title to property which the appellee sought to make liable to his debt, held it in fraud of their rights in equity.

1. The well-settled general rule of chancery is, that a receiver will not be appointed against a defendant in possession under a legal title. Edwards on Receivers, 25, and cases there cited. Against such a party the appointment will not be made on the ground of fraud, unless there be also immediate danger likely to result to the claimant's rights. Lloyd v. Passingham, 16 Ves. 59, 69, 70. The court interferes with reluctance, and only when compelled by judicial necessity, the effect of fraud clearly proved, and imminent danger. Ib. 70; 2 Daniell's Ch. Pr. 1412; Edwards on Receivers, 25. The cases in which a receiver has been appointed on the mere ground of fraud are those where the party in possession and claiming the legal title had obtained it by fraud against those rightfully entitled to the possession. Hagamin v. Barcly, 13 Ves. 103, was in right of a vendor against a vendee by fraud and imposition and to establish the legal title of the vendor. Stillwell v. Wilkins, Jacobs, 280 (S. C., 6 Madd. 38), was by a party entitled to the legal estate, the devisee, against a fraudulent vendee who acquired title by inadequacy of price and fraud. Vaun v. Barnett, 2 Bro. C. C. 158. Receiver appointed against a trustee to pay debts, to keep the fund and to prevent a sale of the property, it being in equity a mere trust in his hands,

and subject to the control of a court of equity.   Mayes v. Rose, Freeman's Ch. 718.   A receiver was appointed at the instance of a purchaser at a sheriff's sale, of the property, against a fraudulent vendee of the defendant at private sale.   But no case is found where there is no legal estate in the complainant, and no claim of one, and the defendant is not a trustee of the fund, and, as such, subject to control in a court of equity, and no danger if loss is shown, where a receiver has been appointed.   2 Daniell's Ch. Pr. 1412;   3 Merivale, 696;   1 Hopk. 435.   In such cases the complainant must abide the determination of the suit in order to secure his equitable claim, and cannot ask a receiver before the right is finally established.

2. As the object of appointing a receiver is to protect the property, none will be appointed on the application of a party who possesses the power to protect the property without it, and has an adequate remedy at law.   2 Daniell's Ch. Pr. 1416.

Here the personal property was fully secured by the replevin bond of A. K. Vause and wife, and the land is immovable and no danger of its loss.   Nor is it alleged that the property is not sufficient to pay the appellee's debt, or that it is necessary to secure the intermediate rents and profits for that purpose.   There is, therefore, no danger of loss or insufficiency of the property, justifying the taking of the property from the possession of the appellants holding the legal title.   Hence, even if it be conceded that the coneyances to A. K. Vause and others are shown by the proofs to be fraudulent as to the appellee, that of itself is insufficient to sustain the appointment of the receiver.

3. The answers and exhibits deny all the equity of the bill as to the appellants;   and, therefore, as upon bill and answer, there was no ground for the appointment.   The depositions were not proper to be considered on the application for a receiver;   because exceptions to the defendant's depositions in most material respects had been filed by the complainants, and were continued by consent and

not disposed of when the motion was heard. How much of these depositions were ignored or rejected by the court does not appear; and the appellants were deprived of all benefit of exception to such rulings of the court, if the complainant's exceptions were, to any extent, sustained. Pending these exceptions, the motion, so far as it was attempted to be supported by the depositions, should not have been heard ; or, at its hearing all the depositions should have been ignored. Any other course, pending the exceptions, would necessarily work great prejudice to the appellants, in depriving them of the benefit of their depositions, in deciding the motion without allowing them an opportunity to correct errors, or to supply deficiencies in their testimony, and in precluding them of the benefit of exceptions and appeal on account of the rulings of the court. None of the depositions, therefore, could have been properly considered by the court, and the motion, if heard at all in the position of the case, should have been heard on the bill, answers and exhibits; and, if so considered, there is no ground whatever on which the order of the court can be justified.

4. The motion was heard irregularly and prematurely. There was an agreement of counsel, that it should be heard on November 28th, 1871, "or otherwise by agreement of counsel as to time in ensuing vacation." It was heard in vacation, without agreement of appellants' counsel as to time, to their surprise and greatly to their prejudice. This was irregular, and it adds force to the other grounds of objection to the order and action of the court. In substance, the motion, being thus heard in violation of the agreement, stands in the attitude of having been heard without notice, and without opportunity to the appellants to maintain their rights.

*T. G. Berry* and *J. B. Coleman*, for appellees.

The case of Mays v. Rose et al., reported in Freeman's Ch. has generally been accepted by the courts and bar

of this state, as the leading one in laying down the general principles by which a court of chancery should be governed in placing property in the hands of a receiver. The case was ably argued, and was taken under advisement by Chancellor Buckner, and carefully considered by him in vacation.

In his opinion on page 718 he lays it down as a rule, that a receiver will always be appointed when the following prerequisites are established by the complainants, to wit: 1st. That the complainant is a judgment creditor. 2d. That the property for which a receiver is asked constitutes a special fund to which the complainant has a right to resort for the satisfaction of his judgment. 3d. That the possession of the property was either obtained by fraud or that the property itself, or the income arising from it, is in danger of loss from the neglect, waste, misconduct or insolvency of the defendant.

We propose to take up these three propositions in their order, and to refer, as briefly as possible, to such portions of the testimony as, in our judgment, establishes each one of them.

I. The record of the judgment recovered by Woods, as administrator, against the administrator of William G. Vause, in the Jefferson circuit court, in a suit commenced against Vause in his life-time, and after his death revived against his administrator, which record is filed as an exhibit marked A. to the original bill, is conclusive that Woods, as administrator of David M. Woods, is a judgment creditor of the deceased, William G. Vause, or of his estate ; and that he is entitled to satisfaction of his judgment out of any property which he can show to the satisfaction of a court of chancery to be liable, even though that property may be in possession of, and claimed by, the son, daughter-in-law, grand-daughter and other relatives of the deceased W. G. Vause.

The defendants, in their answer, endeavor, rather indirectly and faintly, to put in issue the validity of this judg-

ment by intimating that William G. Vause never, in reality, owed the debt on which it was rendered; that the note sued on was a forgery, and that the account was fraudulently trumped up, etc.

To all this we have only to say, that this question cannot now be raised or discussed in the chancery court; the judgment was rendered by a court having full jurisdiction of the parties and of the subject-matter, and, until it shall be carried by writ of error to this court and reversed, it must be recognized in every other court as valid, and as conclusive evidence that Vause owed the full amount for which it was rendered. Cason v. Cason, 31 Miss. 593; Cannon v. Cooper, 39 ib. 789; Pollock v. Buie, 43 ib. 151.

II. Does the property for which a receiver is asked constitute a special fund to which the complainant has a right to resort for satisfaction of his judgment? All the property of a decedent, land as well as personalty, is, under our statute, liable for the payment of his debts. Rev. Code, 1857, pp. 445, 446, arts. 88, 89; Lee v. Gardner, 26 Miss. 543, 544, 545.

If, then, William G. Vause had died the acknowledged owner, and in possession of the land and personal property which he claimed and owned at the time that Woods instituted his suit in Jefferson circuit court, every particle of that property would have been clearly liable to the satisfaction of the judgment rendered in favor of Woods against the administrator of Vause. The same consequence and liability follow, if it be established that the various transfers of that property, made or contrived and instigated by him, were made, contrived and instigated by him with the fraudulent intent and purpose to defeat the collection of the debt due to Woods or to any other creditor.

As to the creditor or creditors so attempted to be defrauded, those transfers are absolutely void, and a court of equity will treat the property thus fraudulently transferred as though no sale or transfer of it had ever been attempted. On this point, the authorities in our state, and, indeed, in

every other state, speak but one language.   Vasser v. Henderson, 40 Miss. 521 ; Pope v. Pope, ib. 517 ; Catchings v. Manlove, 39 ib. 670, 671 ; Hunt v. Knox, 34 ib. 676, 677, 678 ; Fowler v. McCartey, 27 ib. 514, 515, 516 ; Forniquet v. Forstall, 34 ib. 99, 100 ; Garner v. Syles, 35 ib. 184, 185 ; Snodgrass v. Andrews, 30 ib. 489, 490, 491.

The foregoing legal proposition being established, the burden of proving that those different transfers, by which William G. Vause, a rich man when Woods commenced his suit againt him in the circuit court, died to all appearance a pauper.

SIMRALL, J.:

The primary object of the bill is to vacate and set aside sundry conveyances of real estate made by William G. Vause, in his life-time, to several of the defendants, as fraudulent and void, against the complainant, his creditor (the personal effects had already been seized in execution by the sheriff, and were replevied by claimants, as to which suit at law was pending). An appeal has been prosecuted from the order of the chancellor, appointing a receiver to take into possession the lands alleged to have been conveyed in fraud of the complainant, and of his intestate in his life-time.

The only question here is as to the propriety of this order in the circumstances of the case.   The defendants, or several of them, have answered the bill, denying the fraud, and claiming the lands, or parcels of it, as purchasers, innocently.   A great deal of testimony has been taken, and it would seem that the case was about ready for final hearing.   The power to make the appointment rests in sound discretion, and the circumstances must show a manifest propriety and fitness to place the fund or property in the custody of the court.   Verplank v. Caines, 1 Johns. Ch. 57. The bill, by proper allegations, must lay the foundation for the appointment.   Tomlinson v. Ward, 2 Conn. 396.   It can only be made at the instance of a party who has an

acknowledged interest or a strong presumption of title, and where the property or its rents and profits are in danger of being injured or lost. 1 Bland, 213. As against the legal title, the interposition is with reluctance ; it will only be done in case of fraud clearly proved, and danger to the property. Lloyd v. Passingham, 16 Ves. Jr. 68, which was a case between two claimants of the title. A summary of the doctrine is stated by the chancellor in Mays v. Rose, Freem. Ch. 718, to the effect, that the plaintiff must show a clear right to the property or that he has some lien upon it, or that the property constitutes a special fund, to which he may resort for satisfaction, or that the property is exposed to loss or waste. It was said by Lord Eldon, in Jones v. Pugh, 8 Ves. 70, that if real estate is assets, and the court cannot avoid seeing that it and the rents and profits must be responsible, it will put a receiver on the estate. Walker v. Downie, 2 ib. 170.

By the laws of this state, the property of a decedent are chargeable with his debts, primarily the personalty, and, secondarily, the lands ; not, however, in the sense that creditors have a specific lien, but in the sense that creditors can subject both to their debts. The descent to the heir, or the right of the devisee, is liable to be divested, if the real estate is required to pay debts. The *gravamen* of the bill is, that the deeds, or other instrumentalities by which the real estate of William G. Vause was passed to, and vested in, the defendants, or some of them, was prompted by covin and fraud, to evade the debt due to the complainant's intestate ; and, therefore, said real estate is as much bound for the debt as though such conveyances had never been made. The judgment conferred no lien on these lands. The equity of the complainants is, a right to resort to the lands, by setting aside these conveyances. The title of the defendants is a valid, legal title, as against all others than the creditor. If the property were worth more than the debt, there would be no reason to put the estate in the custody of a receiver, unless the defendants were committing

waste, and deteriorating its value.   The court will not inter-
pose for a mortgagee, except upon the ground that the prop-
erty is insufficient to pay his debt, and, therefore, he should,
pending litigation, have the rents and income.    Ligon v.
Bishop et al., 43 Miss. 526.    Nor will a receiver be appointed
against an executor, on slight grounds ; there must be abuse
of the trust, or danger of insolvency.   Middleton v. Dodswell,
13 Ves. 266.   The jurisdiction is exerted as part of the pre-
ventive justice of the court, mainly in order that the fund or
property exposed to spoliation, and danger of loss, pending
the litigation, may be taken charge of by the court, so as to
abide the litigation.   Where the contest is over the title, the
defendant, if he has apparently and ostensibly the legal title,
will not be deprived of possession unless upon a very strong
case of risk of loss of the property, and inability to respond
from insolvency to the decree.   We have thought it proper
to refer to these general principles which govern the juris-
diction of the court.

We think this decree was not made on proper notice to
the defendants.   Ten days' notice of such application must
be given.   Rev. Code 1857, art. 74, 552.   At the November
term, 1871, the motion for a receiver was, by consent, con-
tinued to be heard on the 28th of the month, or otherwise,
by agreement of counsel, as to time in vacation.   It was not
heard on the 28th of November.   Not coming on then, it
could not be heard regularly in vacation, except by agree-
ment of counsel as to the time, or upon notice, as prescribed
by statute.   The record recites, that, on the 9th of the ensu-
ing December, the motion was heard, "upon notice given,
filed and served."   This evidently relates to the motion
made in term time, of which defendants had been duly
notified, and which motion had been continued, by adjourn-
ment, to the 28th of November.   The record does not
show that the solicitors for defendants consented to the
hearing on the 9th of December, or that they or their
clients had notice that a hearing would be had at that day.

The one or the other was necessary.   Ligon v. Bishop, 43 Miss. 527.

For this error the decree is reversed, and cause remanded for further proceedings.