D. J. & L. TWITTY v. G. W. LOGAN and others.

*Practice—Appointment of Receiver.*

An order appointing a receiver will not be made when the party apply-
ing for the same has not established an apparent right to the property
in litigation, and where it is neither alleged nor shown that there is
danger of waste or injury to the property, or loss of the rents and
profits by reason of the insolvency of the adverse party in possession.

CIVIL ACTION heard upon a motion for the appointment of a Receiver, at Fall Term, 1878, of RUTHERFORD Superior Court, before *Schenck, J.*

The opinion contains facts sufficient to an understanding of the point decided. His Honor allowed the motion, and the defendant, Logan, appealed.

*Messrs. Hoke & Son, Bailey* and *Hinsdale & Devereux*, for plaintiffs.

*Messrs. Reade, Busbee & Busbee,* for defendant.

SMITH, C. J.   The purpose of this action, as appears from the complaint, is to enforce an alleged lien on the land in possession of the defendant, Logan, for the sum of $529.47 and interest thereon from September 26th, 1860, claimed to be due to the plaintiffs.   The defendant, Logan, in his answer denies the lien, and sets up title in himself under a sale made by the sheriff by virtue of an execution against the property of Samuel Wilkins.

The land in controversy has been sold several times, and at the last trustee's sale brought the sum of $5,400, and it is not intimated that it is not amply sufficient to meet the plaintiff's demand.   M. O. Dickinson, the only other defendant who answers, asserts title to the land as assignee in bankruptcy of the said Samuel Wilkins.

The pleadings do not disclose the date of the adjudication in bankruptcy nor the time of rendering the judgment, except that in the recitals contained in the order, it is said the adjudication was prior to the execution sale.   Nor is there any suggestion of Logan's insolvency or his inability to meet any just demands for the use and occupation of the premises, or that he is committing any waste or injury to the property.   Both defendants derive their title under Wilkins.   At the instance of the plaintiffs and the defendant, Dickinson, the latter on motion was appointed receiver and the property placed in his possession, and from this order the defendant, Logan, appeals.

The matter of the appointment of a receiver to take charge of property in litigation pending the suit is regulated by statute.   A receiver may be appointed before judgment on the application of either party when he establishes *an apparent right to property* which is the subject of the action, and which is in possession of an adverse party, and the *property or its rents and profits are in danger of being lost or materially injured or impaired,* except in cases where judgment upon

failure to answer may be had on application to the court. C. C. P , § 218.

It will be seen that the order appointing a receiver upon the facts of this case, is not within the contemplation of this section of the code, nor warranted by it.

1. No such apparent right to property as the act prescribes is shown.

2. There is no allegation or proof of waste or mismanagement, from which detriment may come to the land, or injury threatened, calling for the intervention of the court and the displacement of the defendant in possession.

3. There is no suggestion of the insolvency or inability of Logan to answer out of his own estate any claim which may be established for rents or profits, or that it is in danger of being lost.

4. The pleadings do not show which of the conflicting claims to the land is of prior right—that vesting in the assignee, or that derived from the sheriff's sale, with the lien relating back to the rendition and docketing of the judgment.

It is true the plaintiffs in their complaint aver that Wilkins never had such estate or interest in the land as by law was liable to sale under execution, but as the sole object of their action is to establish a lien for the security of their debt upon the land itself in whomsoever the title may be, the issue is an immaterial one to them and does not affect the equity set up in their complaint. It is not denied in the answer of Dickinson, the only real contesting claimant, that Wilkins once had such an estate as was liable to execution, but he insists it had been before divested and transferred to himself as his assignee in bankruptcy.

These controversies are not before us, and we refer to them only to show the present condition of the case as not authorizing the summary order displacing one of the claim-

ants and putting the other in possession of the premises. There is error·in the ruling of the court.

Error.                                               Reversed.