*ADELAIDE KRON and another v. FRANK DENNIS and another.

## Ejectment—Receiver.

The act of assembly requiring a defendant in ejectment to give bond for costs and damages before putting in a defence to the action (THE CODE, §237), does not abridge the power of the court to appoint a receiver to secure the rents and profits.

(*Rollins* v. *Henry*, 77 N. C., 467; *Vaughan* v. *Vincent*, 88 N. C., 116; *Jones* v. *Boyd*, 80 N. C., 258; *Twitty* v. *Logan, Ib.*, 69; *Levenson* v. *Elson*, 88 N. C., 182; *Horton* v. *White*, 84 N. C., 297, cited and approved).

---

* Mr. Justice ASHE having been of counsel, did not sit on the hearing of this case.

MOTION for the appointment of a receiver, heard at Chambers on the 7th day of December, 1882, before *Graves, J.*

This motion was made in an action brought by the plaintiffs to recover possession of land, and pending in the superior court of Montgomery county. The facts are stated in the opinion. The defendants appealed from the judgment allowing the motion.

*Mr. W. J. Montgomery,* for plaintiffs.
*Messrs. Burwell & Walker,* for defendants.

SMITH, C. J.   The complaint alleges that while the defendant Frank Dennis was in possession of the land described and belonging to them (plaintiffs), as their tenant, he in collusion with his co-defendant, Melissa A. Smith, who also set up a claim thereto, surrendered it to her and immediately resumed occupation, as before, under a pretended contract of lease from her, and both now set up an adversary holding.   At fall term, 1882, of the superior court of Montgomery, upon the return of process served, the defendants were allowed sixty days within which to file their answer as of the term, and at the same time the plaintiffs applied to the court for the appointment of a receiver, and their motion, after several continuances, by consent was heard at chambers on December 7th, and upon the evidence a receiver appointed to take charge of the property, on which was a flour and grist-mill in operation, in order to secure the rents and earnings of the rightful owner.   It was also provided in the interlocutory order, and the receiver was directed, "that if the defendants shall enter into a bond in the penal sum of six hundred dollars with sufficient sureties, to be justified and approved by the clerk of the superior court of Montgomery county, conditioned that the defendant shall pay over to said receiver, the reasonable rents and profits of the mills and farming lands annually, and shall keep said property in good repair, commit and permit no waste on the said property, except such as may occur without negligence, then in that case the receiver

may allow defendants to keep possession of said property." From this ruling the defendants appeal.

In the argument before us, it is insisted that the provision of the act of 1870 (THE CODE, §237) which requires a defendant, before being allowed to put in any defence to an action brought for the recovery of real property or of possession, to enter into bond with sureties to secure the costs and damages which may be recovered, and as construed in the cases of *Rollins* v. *Henry*, 77 N. C., 467, and *Vaughan* v. *Vincent*, 88 N. C., 116, dispenses with the need of a receiver in such actions, and if it does not deny, does not warrant the exercise of the power of withdrawing the property of the one in possession and committing it to the hands of an appointee of the court.

The evidence which we are requested to look into upon a construction of the amendment introduced into the constitution in 1875 (*Jones* v. *Boyd*, 80 N. C., 258, and other cases), contained in the transcript, brings this case within the rule, acted on in *Rollins* v. *Henry*, 77 N. C., 467, and *Twitty* v. *Logan*, 80 N. C., 69, and *Levenson* v. *Elson*, 88 N. C., 182, if it be proper to make the appointment in addition to the statutory remedy furnished.

The affidavits filed show that the defendant Melissa brought suit in 1878 against the tenant in possession under the present plaintiff, and instead of prosecuting the same entered upon the premises and reinstated him, her co-defendant, as her own tenant, as is alleged by the fraud of the latter, and in consequence failed in her action; while the defendants aver that the tenant yielded to the superior title of the said Melissa, and the possession thus acquired in October, 1881, has continued ever since. Without going into the details of the evidence in connection with the alleged insolvency of the defendant Melissa and her inability to respond in damages, should the plaintiffs succeed in their suit, we think in the present condition of the controversy the judge was fully warranted in making the order as favorable at least to the defendants as they could reasonably require.

What was said in *Horton* v. *White*, 84 N. C., 297, we repeat as not inappropriate to the facts of the present case: "We should be reluctant to disturb his (the judge's) conclusions of fact deduced from the evidence (and would do so only in case of palpable error), in an order merely interlocutory, and intended only to secure the fruits of a final determination to the successful litigant."

We do not understand the requirements of security for damages and costs before a party can resist a suit to recover possession of land, as in any degree abridging the power of the court to commit property in litigation, under the circumstances pointed out in the cases referred to, to the custody of a receiver for its safety and the security of the rents and profits issuing therefrom, though this additional remedy may less frequently call for its exercise. Indeed this is all that the order undertakes to do, for upon the execution of the bond the defendants are allowed to remain in the possession. · *Vaughan* v. *Vincent*, *supra*.

The expediency of this prompt action finds its justification in the fact that the time for filing an answer had been enlarged for two months, and even then it was uncertain if the principal defendant would give the required bond. ·

The indulgence allowed seems to suggest the propriety of the action of the court to avoid possible injury to the plaintiffs, and it meets our approval. There is no error. Let this be certified.

No error. Affirmed.