ROSA J. BRYAN et al. v. E. V. MORING et als.

*Devisavit vel non—Heir—Receiver.*

1. An essential element in the exercise of the extraordinary jurisdiction of appointing a receiver, is the danger of the entire loss of the property. So, a receiver will not be appointed to take possession of land and receive the rents and profits, unless the plaintiff has established an apparent right to the property and the insolvency of the defendant is alleged and proved.

2. A receiver cannot be appointed in a proceeding to establish a will.

3. Where, on an issue of *devisavit vel non*, the jury found that a certain paper writing was the will, and certain persons, parties to the action, were in possession of the land of the testator, claiming under a prior script, *it was held*, error to appoint a receiver of the rents and profits, especially when there was no allegation of insolvency against the party in possession.

(*Twitty* v. *Logan*, 80 N. C., 69 ; *Rollins* v. *Henry*, 77 N. C., 467, cited and approved).

This was a motion to appoint a receiver of the personal and real estate of William C. Faucette, deceased, heard before *Gilmer, Judge*, at Fall Term, 1885, of Chatham Superior Court.

The motion was made in a cause pending in said Court, concerning the probate of the last will and testament of William C. Faucette, in which the plaintiffs were the propounders and the defendants the caveators, and also the propounders of a will alleged to have been published subsequent to the former.

The first will bore date the 21st day of July, 1879, under which the propounder Rosa J. Bryan claimed the land as sole heir and devisee. This will was admitted to probate in common form in the Probate Court for the county of Chatham, on the 18th day of July, 1883, and there being no executor appointed in said will, Elias H. Bryan was appointed administrator of William C. Faucette, with the will annexed.

E. V. Mooring and her children, claiming to be the legatees and devisees under a will made by the said W. C. Faucette, of date the 12th of July, 1880, entered their *caveat* to said will of July, 1879, and propounded at the same time the last alleged

will for probate. Issues were made up and submitted to the jury, to determine which of the two paper writings was the last will and testament of the deceased William C. Faucette. The jury found the paper writing, of date the 12th of July, 1880, to be the last will and testament of the said W. C. Faucette, and thereupon the Court adjudged that the paper writing of 12th of July, 1880, was the last will and testament of William C. Faucette, deceased, and adjudged that the finding of the jury, with a copy of the judgment, be certified to the Clerk of the Superior Court of Chatham county, that he might proceed as the law directs.

From this judgment the propounders of the first will appealed to the Supreme Court. See the preceding case.

Thereupon, John M. Mooring, who was one of the caveators, as next friend of the infant children of E. V. Moring, moved for the appointment of a receiver, based upon the following affidavit filed by him:

"1. That he is one of the *caveators* of the will of 1879, and a party to this action, which is an action to set up an alleged lost will of the late Wm. C. Faucette, dated 12th July, 1880, in which all of his property, both real and personal, is devised to the *caveators*, Emma V. Moring and her children; a prior will, dated 21st July, 1879, having been offered for probate in common form by the propounders, at which time Elias H. Bryan was appointed administrator of the late W. C. Faucette, with the will of 1879 annexed, and entered into bond in the sum of six thousand dollars; that as such administrator, as affiant is informed and believes, he has come, or should have come, into possession of personal property to the amount of some twelve thousand dollars in value.

2. That a large portion of the estate of the late Wm. C. Faucette, consists of valuable real property in this county, which is now in possession of Rosa J. Bryan, one of the propounders, and the sole heir and devisee under said will of 1879, and that the rents accruing upon said land, should be about one thousand dollars per annum.

3. That Wm. C. Faucette died on the 26th day of June, 1883.

4. That Elias H. Bryan, so this affiant is informed and believes, and so Rosa J. Bryan testified on the trial of this cause, is suffering from a disease called softening of the brain, and has been for some time becoming more and more weak mentally, until now he is unable and incapable of attending to his business affairs, and that by reason of said dementia, the *caveators* are in great danger of loss by improper management of said estate.

5. That the jury found that the will of 1880 was the will of the late Wm. C. Faucette; judgment was rendered in favor of the *caveators*, from which the propounders appealed.

6. That by reason of the pendency of the appeal in this cause, and the other facts stated, that it is necessary to have a receiver appointed to preserve the said property from loss and waste, until this issue as to the will is decided."

His Honor made the following order:

"Upon a motion submitted for a receiver in this matter, upon the affidavit filed, it is ordered that William E. Anderson be appointed receiver of all the personal property of William C. Faucette, and also of the rents and profits of the lands possessed by said William C. Faucette, at his death, during the pendency of the appeal. The receiver will give bond in the sum of fifteen thousand dollars, and make report to each Term of the court, of his receipts and disbursements.

"R. J. Bryan and E. H. Bryan and their agents, are enjoined from receiving or interfering in any way with the property herein described, except that the said Receiver may rent, upon proper security, any of the said land to the said Rosa J. Bryan."

From so much of the above order as appoints a receiver for the real estate, and enjoins Rosa J. Bryan, and E. H. Bryan and their agents from receiving or interfering in any way with the said real estate, Rosa J. Bryan and E. H. Bryan appeal to the Supreme Court.

*Mr. F. H. Busbee,* for plaintiffs.

*Messrs. John W. Graham* and *Thos. Ruffin,* for the defendants.

ASHE, J. (after stating the facts). The facts of the case are so imperfectly stated, that we are not certain that we can come to a correct conclusion upon the point presented by the appeal from the ruling of the Judge, in appointing a receiver to take charge of the real estate of W. C. Faucette.

The will of 1879, which was admitted to probate in 1883, gives all the property of the testator, to his sister Sally A. Faucette, and his brother Henry C. Faucette, one-half to each; and if either should die without children, then his or her part to go to the survivor. The case shows that Henry C. Faucette died before the testator, and we take it, unmarried and without children. But whether Sally still lives, does not appear, and there is nothing in the case to show how Rosa J. Bryan is entitled to the land that belonged to the testator, except in the affidavit filed by Jno. M. Mooring, as the basis of his application for a receiver, where it is stated that Rosa J. Bryan is sole heir and devisee under the will of 1879. We must assume that this statement would not have been made, if she did not claim title to the land in some way under the will, possibly as heir to Sally A. Faucette, who may be dead. But in any way, it seems to be conceded by the propounders of the last will, that she claims as heir, and is in possession of the land, and in receipt of the rents and profits. That being so, ought she to be deprived of the enjoyment of the rents and profits, before the caveators shall establish their right to the land, which can only be done by establishing the will of 1880, as the last will and testament of W. C. Faucette.

They assert that by the verdict of the jury, they have at least shown an apparent right to the land, and that is sufficient, although there has been an appeal in the case, to give them a receiver to take charge of the land, to secure the rents

and profits, and hold them subject to the final determination of the case, leaving open the issue of *devisavit vel non*. But admitting that the verdict of the jury has established an apparent right, that of itself was no sufficient ground for the interposition of the Court, to take the land into the custody of the law, and deprive the owner of the pernancy of the profits. One essential element in the exercise of this extraordinary jurisdiction of the Court, is the danger of the property being lost, or its value greatly impaired—as in the case of rents and profits of land, that they will be squandered and lost by the insolvency of the party in possession. Hence, in such a case, it is necessary that the insolvency of the party in possession should be alleged and shown. This rule is expressly laid down in the case of *Twitty* v. *Logan*, 80 N. C., 69, where it is held, "an order appointing a receiver will not be made, when the party applying for the same has not established an apparent right to the property in litigation, and when it is neither alleged nor shown, that there is a waste or injury to the property, or *loss of the rents and profits*, by reason of the insolvency of the adverse party in possession.

In *Rollins* v. *Henry*, 77 N. C., 467, it was held by the Court, that "whenever the contest is simply a question of disputed title to property, the plaintiff asserting a legal title in himself, against a defendant in possession, receiving the rents, &c., under a claim of legal title, even if the defendant is insolvent, a receiver will be appointed, only when plaintiff sets forth an apparently good title, not sufficiently controverted in the answer, and shows *imminent danger of loss by defendant's insolvency.*"

The rule laid down in the first cited case, and the case of *Rollins* v. *Henry*, *supra*, is fully and directly supported by *Vane* v. *Woods*, 46 Miss., 120, where it is held "the defendant will not be deprived of his possession by a receiver, unless it is made to appear that there is a great risk of ultimate loss of the property, and insolvency on the part of the defendant, so that he will be unable to respond to a final decision," and High on Receivers, thus lays down the doctrine: "There are two conditions, both

of which must combine to warrant a Court of Equity in granting a receiver as against a defendant in possession.   These conditions are, first, that plaintiff must show a strong ground of title, with a reasonable probability that he will ultimately prevail ; and second, that there is imminent danger to the property or its rents and profits, unless the Court shall interpose."

But in this case, there is no allegation of the insolvency of Rosa J. Bryan.   There is no statement in the affidavit of John M. Moring that she is insolvent, and that she will be unable to respond to the final judgment in the case, in consequence of her insolvency, and this, as shown from the authorities cited, is an essential condition to be alleged and shown, in a proper case for the appointment of a receiver to take into possession lands, or the rents and profits thereof, that may be the subject of the litigation.

But, moreover, we do not think this a proper case for a receiver of the lands and rents, &c.   It is not an action to recover land, and to secure the rents and profits, as incidental to the final recovery ; but a proceeding to establish a paper writing as a last will and testament, and we are not aware of any authority for the appointment of a receiver in such a case.

Our conclusion, therefore, is, that there was error in so much of the order made in the Court below, as gave to the receiver authority to take charge of the rents and profits of the land possessed by W. C. Faucette at his death, and enjoining R. J. Bryan and E. H. Bryan, and their agents, from receiving or interfering with the said land and the rents and profits thereof, and so much of the said order is reversed.

Let this be certified to the Superior Court of Chatham county.

Error.                                          Reversed.