RICHARD LOVETT v. A. H. SLOCUMB.

*Receiver—Pleading—Deed—Evidence—Presumption.*

1. Where a party, in this case a defendant, in an action involving the title and possession of land, demands affirmative relief and asks for the appointment of a receiver, it is sufficient if he shows an apparently good title, either not controverted, or not unequivocally denied by his adversary.

2. The execution of a deed having been established, there is a presumption that it is valid.

This was a CIVIL ACTION, pending in the Superior Court of CUMBERLAND COUNTY, heard, on motion of defendants for the appointment of a receiver, supported by the answer, used as an affidavit and on counter affidavits offered by the plaintiff, at Chambers before *Boykin, J.*

The plaintiff, who is in possession of the land in controversy, brought his action for the surrender and cancellation of a mortgage deed executed by the plaintiff to his son, Charles Lovett, on the 14th of December, 1887, to secure the payment of a note of two hundred dollars due said Charles Lovett, and payable three years after December 14th, 1887, or on December 14th, 1890, and alleged that he had paid

said note in full and had it in his possession now; but that he was informed that the defendant Slocumb claimed an interest in the land by virtue of an alleged assignment of the mortgage deed by said Charles Lovett to him.

The defendant Slocumb set up in his answer for a first defence, substantially—

1st. That he, Slocumb, was in possession as lessee of the land on December 14th, 1887, when plaintiff executed the mortgage deed and note to Charles Lovett, and that on the 24th of January, 1889, the said Charles Lovett assigned the note secured by the mortgage, before maturity, to him (Slocumb), which still remained unpaid, and if the plaintiff then held the note, he had gained possession of it by fraud.

2d. That he (defendant Slocumb) was the owner in fee of an undivided third of the said land.

3d. That he was the assignee also of a note for one hundred and eighty dollars, executed by the plaintiff to Emily Lovett (now Emily McPherson), on said 14th of December, which note is secured by a prior mortgage to that executed to secure the note due Charles Lovett.

4th. That plaintiff was in the wrongful possession of the land and withholding it from the defendant, and, as defendant was informed, had dispossessed defendant's tenant by threats of violence.

For a second defence, substantially—

1st. That on the 5th day of December, 1887, the plaintiff leased to him (Slocumb) all of the plaintiff's interest in and to said land for a term of three years (which lease was referred to as registered in a certain book), and that on the 24th of December, 1888, (during said term) the *plaintiff, for value, released to said defendant all of plaintiff's right or interest in the said land, as will appear to the release, which is registered in book No. 4, at page __, of the Register's office of said county.*

For a third defence, substantially—

1st. That by virtue of the mortgages executed by plaintiff to secure the notes executed by him respectively to Emily

Lovett and Charles Lovett, the defendant Slocumb (after due advertisement) sold the land in controversy on the 19th of March (after the action was brought) to satisfy said notes, at which sale the defendant Taylor became the purchaser, and the defendant Slocumb has executed a deed to him for the land.

The defendant Slocumb further avers, that the plaintiff is in possession and in reception of the rents and profits, and is totally insolvent and demands judgment, first, that a receiver be appointed to take possession of the rents; second, for possession of the land and damages for detention.

The plaintiff, on return of an order to show cause, filed his own affidavit and that of his daughter Emily McPherson (formerly Emily Lovett). The plaintiff swears that the note executed to Charles Lovett is paid in full, and both he and Emily McPherson make oath that the note executed to her, and secured by the prior mortgage, was deposited by her as collateral to secure a debt of thirty-five dollars due the defendant Slocumb from her. The plaintiff averred his willingness and readiness to pay that sum and interest.

The plaintiff does not deny the allegation that Slocumb is the owner of one undivided third interest in the land. To the allegation of Slocumb, that the plaintiff released to him all of his title and interest in said land, the latter, in his affidavit, responds as follows: "*The defendant denies that on the 24th day of December, 1888, or any other time, he released or intended to release his interest in the land to said A. H. Slocumb.*"

Plaintiff appealed from the judgment rendered.

*Mr. G. M. Rose*, for plaintiff.
*Mr. T. H. Sutton*, for defendant.

AVERY, J.—after stating the case: Where a party to an action asks as affirmative relief, the possession of land, and alleges that his adversary, who wrongfully withholds it, is insolvent, and the latter directly admits or fails to deny the

allegation, it only remains for the action in order to establish his right to demand the appointment of a receiver to take charge of the rents and profits, to show that he has set up in an affidavit, filed under the sanction of the Court, or in a verified pleading in the cause, used as an affidavit, an apparently good title either not controverted at all or not unequivocally and sufficiently denied by the affidavits of the claimant in possession.    *Code,* § 379, (1); *McNair* v. *Pope,* 96 N. C., 502; *Levenson* v. *Elson,* 88 N. C., 182; *Twitty* v. *Logan,* 80 N. C., 69; *Bryan* v. *Moring,* 94 N. C., 694; *Oldham* v. *Bank,* 84 N. C., 304.

If we concede that no title passed to the defendant Taylor by the sale on the 19th of March, since this action was brought, it still appears that the defendant Slocumb claims title in himself to an undivided interest in the land in one paragraph of his answer, to-wit, one-third, and in another paragraph, to the whole, by virtue of a deed of release executed by the plaintiff to him on November 24th, 1888, whereby he surrendered to Slocumb all of his right, title and interest.    He refers, also, in his answer to the book and page of the Register's records, where the deed of release is recorded, in order to corroborate his statement and to show that the deed is competent as evidence of title in him.

The plaintiff fails to deny that Slocumb was, prior to the execution of any of the mortgage deeds mentioned, his tenant in common as to one-third.    But if he had controverted this claim, his denial of the allegation that he had released all of his right and title to Slocumb by a deed, which has been proved and recorded, is so equivocal that it must be regarded as an admission of the fact of executing it with the qualification that he did not intend at the time to do so.    The execution of the deed having been proved, there is a presumption that it is valid and operates to pass the interest of the plaintiff in the land to Slocumb.    If the plaintiff had sought to accomplish two objects, first, to cancel that convey-

109—8

ance on the ground of fraud, and then the mortgage, because the lien had been discharged by payment, the burden would have rested on him to successfully impeach a deed which apparently passed a good title to the grantee.

When he contents himself with the demand, " that on the 24th of November, 1888, or any other time, he released, or intended to release, his interest in the land to said A. H. Slocumb," his statement is not a sufficiently explicit one to raise an issue as to its execution.   The deed of release, having been proved and recorded, is of itself *prima facie* evidence that the interest of the plaintiff has been conveyed to Sloçumb, and of his right as against the plaintiff to demand the appointment of a receiver.

Affirmed.