## D. L. AREY ET AL. v. J. V. WILLIAMS.

(Filed 5 April, 1911.)

**Ejectment—Defendant's Bond—Receiver—Power of Court—Supreme Court—Supersedeas Order—Practice.**

Revisal, 453, requiring defendant in ejectment to give bond before putting in a defense to the entire action, does not abridge the power of the court to appoint a receiver to secure the rents and profits; and while the Supreme Court, under its general power of "supervision and control over the proceedings of the Superior Court," might exercise the extraordinary right to grant a *supersedeas* to vacate an order appointing a receiver and permit defendant to give bond, it will not do so except under unusual circumstances, as when there has been a gross abuse of discretion by the trial judge.

APPEAL by defendant from *Justice, J.* From WASHINGTON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Linn & Linn and W. M. Bond for plaintiff.*
*O. O. Gaylord for defendant.*

PER CURIAM. Revisal, 453, requiring a defendant in ejectment to give bond before putting in a defense to the action, does not abridge the power of the court to appoint a receiver to secure the rents and profits. *Kron v. Dennis,* 90 N. C., 327; *Durant v. Crowell,* 97 N. C., 374.

In the present case the insolvency of the defendant was admitted, and for that reason and on account of other matters made to appear to the court, the judge, instead of accepting a bond, appointed a receiver to take charge of the property pending the litigation. This is an application by the defendant to this Court for a *supersedeas* to vacate the order of the judge appointing the receiver and to permit the defendant to give bond. Under the general power conferred upon this Court of "general supervision and control over the proceedings of the inferior courts," we might exercise this extraordinary duty in a proper case, but certainly would not do so except

under unusual circumstances and when there has been a gross abuse of discretion on the part of the judge below. Such is not the case here, and upon looking into the affidavits, if the matter were before us for review upon appeal, in the ordinary course, we should affirm his action.

Motion denied.