E. M. ADAMS v. R. E. & M. C. REEVES.

*Practice -- Amendment of Record -- Security for Costs.*

1. An amendment of a record of a Court must be made in the Court where the *record* was originally made.

2. The exercise of the discretionary power of the Court below in regard to security for costs is not subject to review in this Court.

(*Jones* v. *Cox*, 1 Jones 373, cited and approved.)

CIVIL ACTION, tried at a Special Term of the Superior Court of GUILFORD County (held in December, 1876,) before *Kerr, J.*

The point decided in this Court involved the exercise of discretionary power by His Honor in refusing to allow the motion of defendants for additional security for the prosecution of the suit. The facts appear in the opinion. The defendants appealed from the ruling of the Court below.

*Messrs. Scott & Caldwell,* for plaintiff.

*Messrs. Watson & Glenn, Gray & Stamps,* and *W. H. Bailey,* for defendants.

FAIRCLOTH, J.   At Spring Term, 1876, of Davidson Superior Court, this cause was removed to Guilford County for trial and at the same term the following order was made; " Rule on the plaintiff to give additional security or justify the present on or before —————— of next term of Guilford Superior Court." At Fall Term of the latter Court the plaintiff justified his present security and the rule was discharged. It was at the same Term suggested by defendant that the order made at Davidson was one for additional security only, and that the Clerk of Davidson County had not entered the order on the docket correctly. His Honor held that he could not go behind the record. The rule was then " continued by consent until the present Term," when a motion was made on the original affidavit for additional security, which motion was refused by the Court in the exercise of discretionary power, and the original rule was not called up or otherwise referred to. It nowhere appears that an appeal has been taken from anything except from an appeal bond of defendant dated Dec. 15th, 1876.

We will however consider the case before us, and we are of opinion that His Honor was right in refusing to go behind the record. An amendment of a judgment or order should be in the Court where the record itself was made originally. To allow it to be done in another County would be inconvenient and would make the record inconsistent with itself in the same action and between the same parties.

The motion next made for additional security was purely a discretionary matter and we are not authorized to review it.   *Jones* v. *Cox*, 1 Jones, 373.

There is no error.   Let this be certified.

PER CURIAM.                          Judgment affirmed.