*R. Y. VAUGHAN and others v. J. S. VINCENT and others.

*Practice—Additional Security for Costs—Special Proceedings— Judgment—Receiver.*

1. The court has power in a proper case to order the defendant to give addi- tional security for costs, and, on failure to comply with such order, to strike out the answer and award judgment.

2. Where a special proceeding is transferred to the superior court for the trial of issues raised by the pleadings, and the answer is stricken out, the juris- diction of the superior court ceases—there being then no issue to try. In such case a *procedendo* should issue to the probate court.

3. The appointment of a receiver was not warranted under the facts of this case.

(*Rollins v. Henry*, 77 N. C., 467, cited and approved).

SPECIAL PROCEEDING commenced before the clerk, and heard at Fall Term, 1882, of CASWELL Superior Court, before *Shipp, J.*

The plaintiffs filed their petition to sell land for partition, alleging that they and the defendants are tenants in common, but owing to the large number of persons interested, it is impos- sible to have actual partition without serious injury to all of them.

The defendants denied the tenancy in common, and pleaded "sole seizin," and that they had been in the actual possession of the land for more than seven years with color of title.

Issues of fact being thus raised, the case was transferred to the superior court for trial, and at fall term, 1881, the defen- dants filed an undertaking in the usual form to secure to the plaintiffs such costs and damages as they might recover. The plaintiffs subsequently (at June special term, 1882) made affi- davit that the said undertaking was insufficient to cover the costs and damages which had already accrued and would accrue before trial could be had, and thereupon the court ordered the defen-

---

*Mr. Justice RUFFIN having been of counsel, did not sit on the hearing of this case.

dants to file an additional bond in the sum of two hundred dollars, on or before the first day of the next term, and before they are permitted to make further defence to the action.

At fall term, 1882, it being made known to the court that defendants had failed to file said bond, as required, the following judgment was rendered: "The defendants not having filed the bond required by the order made at June term, 1882, nor showing sufficient cause therefor, it is now adjudged that their answer be stricken from the file, and the lands described in the complaint be sold by W. C. Harralson, as commissioner, after due advertisement upon the terms—one-third cash, and the balance at twelve months, with interest from day of sale—the proceeds to be applied to costs and expenses, and the surplus divided among the parties, plaintiff and defendant, according to their respective rights as set forth in the complaint. The said Harralson is appointed a receiver by this court, and will take such proper rents from the corn, tobacco, or other crop found upon the premises, as may be usual, and sell the same and hold the proceeds subject to the further order of the court. The question of damages is reserved for trial by the jury, or in such manner as may be agreed upon, and to be paid out of the defendants' interest in the crop or the bond filed by the defendants; and any deficiency, out of the proceeds representing the plaintiffs' interest in the land. The commissioner and receiver will make report of his proceedings, and, after payment of purchase money in full, will execute title to the purchaser."

From this judgment the defendants appealed, assigning as error, the striking out the answer, and the directions given the receiver and commissioner as to the disposition of the funds; that the failure to file the bond as directed by the order of June term, 1882, only entitled the plaintiffs to have a receiver take charge of the rents, the bond filed before answer filed entitling the defendants to have their answer remain and a trial upon the merits according to the issue raised.

*Messrs. J. W. Graham* and *J. C. L. Kerr*, for plaintiffs.
No counsel for defendants.

Ashe, J.   The only exceptions taken to the judgment of the superior court, were, to the striking out the answer of the defendants, and to the directions given the receiver and commissioner as to the disposition of the fund.

The proceeding was commenced before the clerk upon the defendants' giving a bond for costs and damages, and filing their answer, in which the defence of "sole seizin" was set up, and the case was put on the trial docket of the superior court, that the issue raised by the pleadings might be tried by a jury.

The power of the court to require the bond of the defendants in such a case being conceded, it follows that the court upon a proper affidavit, such as was filed in the case, had the power to order an increased security for the costs. *Rollins* v. *Henry*, 77 N. C., 467.   And if it had the power to order the enlargement of the security, in the event of a failure to comply with the order, the court must have had the same power to strike out the answer as it would have had if no bond had been orignally filed.

The proceeding, when "sole seizin" is pleaded, like ejectment, is an action for the recovery of real property; and section 382, ch. 17, Battle's Revisal, requires, that "in all suits in the superior court for the recovery of real property or the possession thereof, the defendant, before he is permitted to plead, answer, or demur, shall execute a bond to secure such costs and damages as the plaintiff may recover," &c.   If no bond shall be given, the defendants have no right to answer; and if they should answer without filing the bond required, the court would have the power to strike out the answer and render judgment, as for want of an answer; and the court having the power to order an additional bond, in a proper case, would, upon the same principle, have the power to strike out the answer filed—the same as if no bond had been given.

But when the answer is stricken out, there is no issue to be

tried: the case loses the character of a suit for the recovery of real property, and stands, as originally, in the clerk's court, a "special proceeding" for the sale of land for partition between tenants in common. And as it is the issue to be tried which gives the superior court, in term, jurisdiction of the case, as soon as the issue is withdrawn, that court is divested of its jurisdiction, and any order or judgment it might make, except in a proper case to appoint a receiver, would be *coram non judice.*

But we do not consider this a proper case for the appointment of a receiver. When the answer was stricken out, there was no other pleading in the case but the petition: there was nothing before the court to show that the defendants were in the exclusive possession of the rents and profits, excluding their co-tenants, the plaintiffs,. from all participation therein, or that the defendants were insolvent or mismanaging the common property. The courts are averse to the appointment of receivers in actions between tenants in common, except for some such causes as those above mentioned. High on Receivers, 603.

We are of the opinion there was error in the appointment of a receiver, and ordering the sale. In other respects the judgment is affirmed. The case is remanded to the superior court that a *procedendo* may be issued to the clerk of said court to proceed to order a sale of the land described in the petition according to the course of practice in said court.

Error.                                        Judgment accordingly.