SARAH TAYLOR v. G. T. BOSTIC, Ex'r.

*Appeal—Special Proceedings.*

1. An appeal will not be entertained in this Court when there is no judgment rendered in the Court below.

2. In order for a special proceeding to get before the Judge of a Superior Court, on a question of law, there must be an appeal from some judgment of the clerk.

SPECIAL PROCEEDING, heard on an agreed statement of the facts by *Philips, Judge,* at Spring Term, 1885, of the Superior Court of RUTHERFORD county.

This was a special proceeding brought by the plaintiff as widow of W. W. Taylor, against the defendant as his executor, for a year's allowance out of his personal estate. The case was commenced before the clerk, and transferred by him to the civil issue docket of the Superior Court for the county of Rutherford, and was there heard and determined before Philips, Judge, upon the following state of facts agreed:

Sarah Taylor, the plaintiff, and one W. W. Taylor, were married in the year 1852, and she lived and cohabited with him until 1856, when they were divorced by the decree of the Superior Court for said county, *a mensa et thoro*, which was as follows:

"This case coming on to be heard upon the petition and answer, former orders and findings of the jury; upon motion of counsel and with consent of the parties: It is ordered and adjudged and decreed by the Court, that the parties be, and are hereby divorced from bed and board, which shall continue until a reconciliation shall take place between them, and it is further ordered, adjudged and decreed, that the plaintiff shall have power to sue and be sued as a *feme sole*, and that she may, and is hereby invested with power to acquire, retain and dispose of property in her own name by purchase, gift, devise or descent, free and discharged from every and all liability whatever; and it is further ordered, adjudged and decreed that defendant pay his costs incurred in this Court in the defence of this suit to be taxed by the clerk, and that he pay the further sum of two hundred dollars to the plaintiff as alimony, in consideration of which he is hereby discharged and acquitted from all liability to maintain, support and provide for the plaintiff in future. And if necessary, let execution issue for the costs aforesaid and alimony allowed the plaintiff. It is further ordered that this decree be enrolled in the minutes of this Court."

The parties lived separate and apart until the death of the said W. W. Taylor in the year 1883. The amount stipulated in the decree to be paid to Sarah Taylor by W. W. Taylor was paid.

W. W. Taylor left a last will and testament, in which the defendant was made his executor, and has qualified as such, and entered upon the duties of his office.

The plaintiff entered her dissent to the will.

The defendant's testator left at his death a considerable amount of personal property, of which the plaintiff has received no part.

The plaintiff claims three hundred dollars as her year's allowance, which is resisted by the defendant. His Honor, in the Superior Court, filed the following opinion:

"I do not think the decree affects the rights of the wife after the death of her husband. A divorce from bed and board is only a legal separation, terminable at the will of the parties, the marriage continuing in regard to everything not necessarily withdrawn from its operations by divorce. Mrs. Taylor is certainly entitled to administer on her husband's estate, and is entitled to dower, and is also entitled to year's support. Her rights of property are the same as if she had not been separated. The doctrine is laid down in Schouler's Domestic Relations, second edition, marginal pages 301 and 302. Nor does our statute change the doctrine thus laid down as to the respective rights and duties of parties divorced from bed and board. On the contrary, the wife's rights may be clearly inferred from §1843 of The Code, as it there declares what kind of a divorce will lose her right to dower and to year's support, viz: *a vinculo.* Mrs. Taylor is entitled to her year's support as prayed for in her complaint, and the same should be allotted to her from the crop, stock and provisions of the defendant's testator as the law directs, and if there be a deficiency, it shall be made up by the personal representation from the personal estate of the deceased."

The defendant appealed.

*Mr. J. A. Forney,* for the plaintiff.
No counsel for the defendant.

Ashe, J., (after stating the facts). The appeal in this case was prematurely taken. There was no judgment rendered by the Judge, nor by the Clerk from which an appeal could be taken to the Judge, and there was therefore no question of law presented for his decision.

The case is therefore remanded that the Clerk may proceed with the case according to law.

Remanded.