S. W. KENNEY, ADMINISTRATOR, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 23 September, 1914.)

1. Appeal and Error—Defendant's Appeal—Appellee's Costs—Costs —Prosecution Bond—Interpretation of Statutes.

Where the defendant to an action has appealed from an adverse judgment rendered in the Superior Court, resulting in a reversal thereof in the Supreme Court, he is, upon motion made in the Supreme Court, under Revisal, sec. 1251, entitled to a judgment for his costs on appeal against the sureties on plaintiff's undertaking given in the lower court for the prosecution of the action; for under the language of this section and section 450 this undertaking or prosecution bond is required of the plaintiff to secure all costs, whether in the Superior or Su-

preme Court; and Revisal, sec. 605, requiring the appellant to give an undertaking for the costs on appeal, cannot apply to such instances.

**2. Same—Costs Superior Court—Penalty of Bond—Application to Increase.**

Where the defendant has been successful on his appeal to the Supreme Court, and his judgment for costs against the sureties on the prosecution bond of the plaintiff results in making insecure the costs in the Superior Court, the remedy is by application to increase the penalty of the bond.

HOKE and ALLEN, JJ., dissenting.

APPEAL from George W. Connor, J., at May Term, 1914, of BERTIE.

Winston & Matthews for plaintiff.
Murray Allen for defendant.

WALKER, J. This is a motion to tax the sureties on the prosecution bond of the plaintiff with the defendant's costs in this Court, which were awarded in his favor and against the plaintiff upon the granting of a new trial to the defendant, and for judgment against plaintiff and his sureties for the same. The motion was duly docketed and heard at this term. It is based upon section 1251 of the Revisal of 1905, which reads as follows: "Whenever an action shall be brought in any court in which security shall be given for the prosecution thereof, or when any case shall be brought up to a court by an appeal, or otherwise, in which security for the prosecution of the suit shall have been given, and judgment shall be rendered against the plaintiff for the costs of the defendant, the appellate court, upon motion of the defendant, shall also give judgment against the surety for said costs, and execution may issue jointly against the plaintiff and his surety." Defendant contends that the expression, "security for the prosecution of the suit or action," refers to the undertaking given in the court below for the prosecution of the suit and the payment of the costs of defendant recovered in that court; and when there is an appeal, defendant, who succeeds in this Court, is entitled to judgment for his costs

against plaintiff and his sureties upon the same undertaking, or what is sometimes called the prosecution bond, which is intended, if defendant's contention be correct, to secure defendant's costs both in the Superior Court and in this Court, as a part of the costs in the action, the condition of the prosecution bond being this: "That the same shall be void if the plaintiff shall pay the defendant all such costs as the defendant shall recover of him in the action." Revisal, sec. 450. That when there is an appeal, the "action" continues to be such in this Court as much so as if it were pending in the court below, and the bond given below was intended, by its very terms, to cover all the costs of defendant incurred in the action, both those accruing below and here, as they are all "costs in the action." It will be seen that section 1251 refers only to the costs of defendant, and provides, for instance, that if, when an appeal is taken, he is sustained in this Court, judgment shall be entered against plaintiff and his sureties for defendant's costs; but this could not be done, and this provision would not be complied with, if plaintiff's contention is right, that it refers to appeal bonds only, as where defendant appeals and gets a judgment for his costs in this Court, there would be no appeal bond of the plaintiff upon which to enter judgment, and the only bond that would answer to the description of the statute would be his prosecution bond; otherwise, in such a case, this part of the statute would become nugatory. Besides, the plaintiff's contention is fully met by the fact that the Legislature had already given a remedy on appeal bonds by section 605 of the Revisal, which provides: "Undertakings for the prosecution of appeals and on writs of *certiorari* shall make a part of the record sent up to the Supreme Court on which judgment may be entered against the appellant or person prosecuting the writ of *certiorari* and his sureties, in all cases where judgment shall be rendered against the appellant or person prosecuting said writ." Take our case for illustration. Defendant appealed and was awarded a new trial. Section 1251 says that this Court shall give judgment against plaintiff and his sureties for the prosecution of the action; but the latter has no sureties except those

on his original prosecution bond given below, as he did not appeal; so that it follows that reference must necessarily be made to his prosecution bond, and we must adjudge the costs of this Court against the parties to that bond, if we would enforce the statute as, we think, it is clearly and positively written. Again: Section 1251 requires this Court to give judgment for defendant's costs against plaintiff and his sureties where a bond "shall have been given," not for the costs of an appeal, but "for the prosecution of the action." These words have a well known meaning in law, and refer only to the prosecution bond. If the defendant appeals, in which case the plaintiff would give no appeal bond, being appellee, and "judgment shall be rendered against the plaintiff for the costs of the defendant," the appellate court is required to give judgment also against plaintiff's sureties for such costs; but there would be no sureties, as we have seen, and we could not comply with this clearly expressed mandate, unless we resort to the prosecution bond, which is the only one described in the section, as it is given "for the prosecution of the suit" and not for the prosecution of an appeal. Replying to the suggestion that section 1251 applies only to cases in which the plaintiff appeals and gives an appeal bond, the words, "security for the prosecution of an action," referring to that kind of bond, it may be said that such a construction would require a radical change in phraseology and would not secure defendant's costs, on his own appeal, if they were adjudged against the plaintiff. We are not authorized to presume that the Legislature meant what it did not say, and used language which has only one meaning, when it intended that it should have another and very different one. Besides, the section is so broadly worded as to apply to all cases where costs are adjudged for the defendant against the plaintiff, and not simply to those where the plaintiff appeals. The suggested construction would be inconsistent with the language of the section, or, at least, is not warranted by it; and, too, the case where the plaintiff appeals and gives security is fully provided for, as we have seen, by Revisal, sec. 605, so that there is nothing for the suggestion to rest upon. It is also argued that this section was

taken from the Revised Code, ch. 13, sec. 126, and that it origi-
nally referred to appeals from justices of the peace, and from
the county court to the Superior Court. This may be true, and
yet it does not change the conclusion, but rather strengthens it.
It will be found by comparing the two sections, that radical
changes have been made in section 126 of the Revised Code by
section 1251, and there is such a wide departure from its lan-
guage and meaning as to show that the Legislature was con-
scious of the abolition of the county courts when it amended the
law, and intended so to frame the new section as to make it con-
form to the present system and procedure, so very different
from the former ones. Reading the two sections together, we
cannot escape the conviction that the Legislature intended, for
reasons deemed sufficient, to change the law so that prosecution
bonds given in the Superior Court should be liable for all of the
defendant's costs of the action, at any stage, whether incurred
below or in this Court. Section 1251 cannot be restricted in its
application to appeals from the court of a justice of the peace,
for the first sentence of the section would not apply to such a
court, as no prosecution bond for costs is given there, but only
in the Superior Court, or in this Court if an action is brought
here against the State, or perhaps in some other cases not cog-
nizable by a justice of the peace.

An argument *ab inconvenienti* may be urged against our view,
but it cannot be permitted to prevail against the plainly ex-
pressed intention of the Legislature, or the clear and explicit
terms of the law. Black's Interp. of Laws, p. 87. We have,
generally, nothing to do with the wisdom or unwisdom, the
policy or impolicy of an enactment, but must abide by the will
of the lawmaking body. *Ita lex scripta est.* But we must not
be understood as admitting that there will be any inconvenience
flowing from our construction which is not likely to occur in the
case of other statutes where no doubt is entertained as to their
meaning. If it should appear that the costs of this Court will
probably exhaust the prosecution bond, and leave those of the
court below unsecured, there is ample remedy to avoid the sup-
posed unjust result by application to increase the penalty of the

bond—a not unusual procedure in the courts. *Jones v. Cox,* 46 N. C., 373; *Adams v. Reeves,* 76 N. C., 412; *Vaughan v. Vincent,* 88 N. C., 116; *Rollins v. Henry,* 77 N. C., 467. The Legislature has recently amended Revisal, sec. 1251, by requiring the costs to be taxed here against the plaintiff, without any motion by defendant, making it mandatory upon us to act in the first instance. Public Laws 1913, ch. 189. Having this section under its direct supervision with a view to its amendment, it cannot be supposed that the Legislature was inadvertent to the fact that the county courts had ceased to exist, and therefore, if our construction of it is not correct, that it needed further revision to conform it with existing methods of practice and procedure, and our changed system of courts. It had altered the language of the corresponding section of the Revised Code radically and fundamentally, indicating clearly a purpose to effect a material change in procedure, and it used the words "security for the prosecution of the action," which had at the time a well defined meaning, and also the words "appellate court," which in view of the context could mean only this Court. Where a statute is reënacted literally or substantially, words or phrases used in the former which have received a settled construction should be interpreted accordingly in ascertaining the meaning of the later enactment. Black's Interp. of Laws, 159 *et seq.* The words "security for the prosecution of the action," in chapter 13, sec. 126 of the Revised Code, undeniably meant · the prosecution bond, and, under the rule, should now have the same meaning. If the prosecution bond was not intended, the inaptness of the phraseology would hardly have escaped attention.

The motion is allowed, and the costs will be taxed accordingly.

Motion allowed.

HOKE and ALLEN, JJ., dissent.