FAYETTEVILLE LIGHT AND POWER COMPANY v. THE LESSEM COMPANY AND J. I. LESSEM.

(Filed 17 October, 1917.)

**Arrest and Bail—Bonds—Court's Discretion—Appeal and Error.**

Where plaintiff, in arrest and bail, in an action for conversion of personal property, has given the bond in the amount fixed by the clerk, upon which the defendant has been arrested, and who thereafter moves in the Superior Court to vacate the order of arrest, among other things, upon the ground that the bond required of plaintiff was insufficient in law, the court, within its discretion, may increase the bond required of the plaintiff, from which order no appeal will lie, in the absence of abuse of this discretion.

APPEAL by plaintiff from *Bond, J.,* at September Term, 1917, of CUMBERLAND.

This was a motion in an action which was brought by the plaintiff to recover the sum of $1,430 for the conversion of certain personal property by the defendant belonging to the plaintiff. The necessary ancillary in arrest and bail was taken out by the plaintiff upon his deposit of the amount of $250 with the clerk in lieu of the usual prescribed bond, the clerk having fixed the amount of the deposit. An order for the arrest of the defendant, J. I. Lessem, was issued, and he was required to give bail in the sum of $1,500, which was afterwards given. The defendant corporation moved to dismiss the action, as no liability was alleged against it. The defendant, J. I. Lessem, moved to vacate the order of arrest, upon the ground that the facts stated in the affidavit were not true, and the security required of the plaintiff was not such in amount as the law required, and the bail required of him was excessive, it being greater than that required of the plaintiff. The judge ordered the plaintiff to raise the amount of its undertaking from $250 to $1,000, to which the plaintiff excepted and appealed. The defendant also appealed from the ruling of the judge against him, and reserved all of his exceptions, but has not docketed his appeal at this term. The time for docketing not having expired, and the defendant not having docketed his appeal here, the only question before this Court arises upon the plaintiff's appeal.

*Sinclair, Dye & Ray for plaintiff.*
*E. G. Davis and Q. K. Nimocks for defendant.*

WALKER, J., after stating the case: The sole question is as to whether the judge had the power to increase the amount of plaintiff's undertaking.

Revisal, sec. 730, provides: "Before making the order, the court or judge shall require a written undertaking on the part of the plaintiff, with sufficient surety, payable to the defendant, to the effect that if the defendant recover judgment the plaintiff will pay all damages which he may sustain by reason of the arrest, not exceeding the sum specified in the undertaking, which shall be at least $100." The plaintiff complied with this section when, under the order of the clerk, it made the deposit of the sum of $250, and the judge clearly had the discretion to raise the amount to $1,000 and to order an undertaking in that amount to be executed and filed by the plaintiff, or that it leave the deposit with the clerk and give bond for the difference between this amount and $1,000. The matter of fixing the amount of bonds for the security of costs, and in other like cases, is left to the discretion of the court, and where there is no abuse of that discretion the exercise of it will not be revised by this Court, and the order of the judge in such a case is not reviewable here. *Marsh v. Cohen,* 68 N. C., 283; *Cushing v. Staron,* 104 N. C., 341; 5 Corpus Juris., 499.

There is generally no question of law involved in increasing or diminishing the amount of a bond, whether given for the prosecution of a suit or for the defense of it, under the statute, where the action is one for the recovery of land. Such questions are within the sound discretion of the court, from the exercise of which no appeal will lie, unless there has been a gross abuse of the discretion. There is no suggestion of such in this case, and if there had been, no proof is found in the case to justify it. That the court has the power to increase or diminish a bond for costs, or which is given during the pendency of a suit, is shown very clearly and fully by our decisions. It was said in *Vaughan v. Vincent,* 88 N. C., 116, at p. 118, that where a court can require a bond to be given by a party, whether it be plaintiff or defendant, it may direct that the bond be increased if in its judgment such an order is necessary for the protection of any party. The same was said in *Rollins v. Henry,* 77 N. C., 467, where the defendants were required to give bond under C. C. P., sec. 382, which was not only for the costs, but for the purpose of securing to the plaintiff the benefit of his recovery in damages. The Court held that the bond could be increased in the discretion of the court. Other cases on the same subject are *Jones v. Cox,* 46 N. C., 373; *Adams v. Reeves,* 76 N. C., 412, and *Kenny v. R. R.,* 166 N. C., 566.

As the ruling of the judge, by which the plaintiff's bond was increased in amount, was solely a matter of discretion, it is not reviewable by us, and the appeal was improvidently taken.

Appeal dismissed.