THE MUNCHAK CORPORATION AND RDG CORPORATION, A JOINT VENTURE, D/B/A THE CAROLINA COUGARS v. JAMES R. MC-DANIELS

No. 7218SC419

(Filed 28 June 1972)

Appeal and Error § 6— appeal from oral expression of opinion
    Defendant cannot appeal from the mere oral expression of opinion by the trial court that it had jurisdiction to rule on a show cause order after the cause had been removed to a federal district court, the trial court having entered no written order, judgment or decree.

APPEAL by defendant from Exum, Judge, at the 14 February 1972 Regular Civil Session of GUILFORD Superior Court.

Plaintiff, a joint venture known as The Carolina Cougars, instituted this action for breach of contract by defendant James R. McDaniels, a basketball player. The Complaint alleged that defendant's contract with plaintiff called for him to play for The Carolina Cougars; that it prohibited defendant from playing for any other team; that defendant has breached the contract by repudiating it and agreeing to play for another basketball team, the Seattle Supersonics; and that plaintiff has

no adequate remedy at law. Plaintiff asked for a temporary restraining order enjoining defendant from playing for any basketball team other than plaintiff and ultimately for a permanent injunction to same effect.

An *ex parte* temporary restraining order was issued by Judge Exum on 18 February 1972.

On 22 February 1972 plaintiff, by affidavits and exhibits, entered a motion for an order to defendant to show cause why he should not be held in contempt of court for violation of the temporary restraining order. The affidavits and exhibits tended to show that the contents of the temporary restraining order had been wired to defendant's attorney; that defendant had actual knowledge of the temporary restraining order; and that defendant had played basketball for the Seattle Supersonics on 20 February 1972 in violation of the temporary restraining order. An order for the defendant to show cause why he should not be held in contempt of court for violating the restraining order was issued on 22 February 1972, returnable 28 February 1972.

On 25 February 1972 defendant filed a petition in the United States District Court for the Middle District of North Carolina for removal of the cause to that court on the grounds of diversity of citizenship. Bond was posted and plaintiff was notified of the petition. A copy of the petition for removal was filed in the Superior Court of Guilford County thereby effecting removal.

Several other motions were then filed in the United States District Court for the Middle District of North Carolina and the Superior Court of Kings County, Washington. These motions are not relevant to this appeal.

With regard to service of process and jurisdiction over the person of the defendant the following appears:

"Subsequent to the signing of Entries of Appeal on March 2, 1972, defendant, through counsel and by letter to the Honorable Carmon J. Stuart, Clerk United States District Court for the Middle District of North Carolina, conceded that the North Carolina Court obtained jurisdiction over defendant as of approximately 10:00 p.m. PST on Wednesday, February 23, 1972, when he was personally

served with suit papers in Seattle, Washington, in the North Carolina action."

The record proper is silent as to what transpired in the Guilford Superior Court after the removal petition was filed. The statement of case on appeal indicates that the return of the show cause order was to be heard before Exum, Judge, on 28 February 1972. Upon being informed of the removal petition and the jurisdictional question it created, Judge Exum postponed the hearing until 2:00 p.m. that afternoon. The hearing was conducted and, after arguments by counsel, Judge Exum concluded that he still had jurisdiction to determine if there had been a violation of the temporary restraining order. No order, judgment or written decree to that effect was entered. The hearing was continued to 2 March 1972.

At the hearing on 2 March 1972 Judge Exum stated that, in his opinion, he still had jurisdiction but no order or judgment was entered. Appeal entries were then entered and the case was brought before this Court.

*Forman & Zuckerman, P.A., by William Zuckerman for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter by Bynum M. Hunter and Ben F. Tennille for defendant appellant.*

CAMPBELL, Judge.

Defendant's sole assignment of error is to the trial court's decision that it had jurisdiction to rule on the show cause order. Defendant makes a number of arguments on the jurisdiction issue created by the petition for removal to the United States District Court.

It is not necessary for us to reach defendant's arguments. In determining that it had jurisdiction, the trial court entered no written order, judgment or decree. The determination of jurisdiction was merely an oral expression of the trial court's opinion. Nothing affecting the defendant has been done. Defendant is attempting to appeal from that expression of opinion. Can an appeal lie from the oral expression of an opinion by the trial court? We hold it cannot.

The general rule is that, "the mere ruling, decision, or opinion of the court, no judgment or final order being entered

in accordance therewith, does not have the effect of a judgment, and is not reviewable by appeal or writ of error." 4 C.J.S., Appeal and Error, § 153(c) at p. 517.

As to oral opinions it is said that, "[a] mere oral order or decision which has never been expressed in a written order or judgment cannot, under most authorities, support an appeal or writ of error." 4 C.J.S., Appeal and Error, § 153(c) at p. 520.

There is case authority in North Carolina for this rule. In *Taylor v. Bostic,* 93 N.C. 415 (1885) the trial court entered a written statement of his opinion, but no order or judgment was entered. The North Carolina Supreme Court held that the appeal was premature, there being no judgment and "therefore no question of law presented" from which appeal could be taken.

Defendant cannot appeal from the mere oral expression of opinion by the trial court. We therefore dismiss this appeal, *ex mero motu.*

Appeal dismissed.

Chief Judge MALLARD and Judge BROCK concur.