ARLENE H. NARRON AND HUSBAND, ARTIS M. (JACK) NARRON, PLAINTIFFS v. UNION CAMP CORPORATION, A VIRGINIA CORPORATION AND STEPHEN R. BOYKIN AND WIFE, MAE TEDDER BOYKIN, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. JOHN L. STONE AND WIFE, JOSEPHINE T. STONE, THIRD-PARTY DEFENDANTS

No. 857SC1053

(Filed 3 June 1986)

**1. Costs § 2— amount of prosecution bond**

It was within the authority of the trial court to require a prosecution bond in the amount of $2,700, notwithstanding the language of N.C.G.S. § 1-109 setting the sum of the bond at $200.

**2. Costs § 2— failure to post prosecution bond—dismissal proper**

The trial court had authority to dismiss the action on its own initiative when plaintiffs failed to post a prosecution bond within 30 days as required by N.C.G.S. § 1-109.

APPEAL by plaintiffs from *Winberry, Judge.* Judgment entered 29 April 1985 in Superior Court, NASH County. Heard in the Court of Appeals 11 March 1986.

This is an appeal by plaintiffs from an order dismissing their action for failure to post a prosecution bond.

*Narron, O'Hale, Whittington and Woodruff, by Gordon C. Woodruff, for plaintiff-appellants.*

*Davis, Sturges & Tomlinson, by Aubrey S. Tomlinson, Jr., for defendant-appellee Union Camp Corporation.*

*John L. Whitley for defendant-appellees Boykin.*

*Fields, Cooper, Henderson & Cooper, by Milton P. Fields, for third party defendant-appellees Stone.*

EAGLES, Judge.

The trial court dismissed this action for failure to post bond as required by a prior order, and plaintiffs appeal. The litigation stretches back almost ten years; it has never come to trial in that time.

## THE PREVIOUS LITIGATION

Plaintiffs began litigation in 1977 seeking damages and injunctive relief for Union Camp's alleged wrongful cutting of timber on their land. Plaintiffs sued the Boykins in 1981, seeking to quiet title and to extinguish any claims the Boykins might make to the same land. The cases were consolidated and the court appointed a surveyor to perform the "complicated survey" required to resolve the dispute. Pretrial conference was set for July 1982. The case was continued several times on plaintiffs' motion. Plaintiffs' attorney withdrew by consent order in December 1983. Union Camp's motion for peremptory setting was allowed, and the cases came on for hearing in April 1984. Plaintiffs appeared and asked for continuance, not being prepared to proceed, and the court dismissed their claims, without prejudice, for failure to prosecute.

## THE PRESENT LITIGATION

In July 1984 plaintiffs commenced the present action, realleging substantially the same cause of action previously dismissed.

Defendants answered, and third party defendants Stone moved to compel plaintiffs to post a prosecution bond. The Stones alleged that surveys would be necessary to resolve the dispute and that these would cost about $3,000.00. On 9 January 1985 Judge Frank R. Brown, after hearing, found that surveys costing approximately $2,500.00 would be necessary and allowed the motions. He ordered plaintiffs to post the $200.00 bond specified in G.S. 1-109 and "that such bond should be increased by the amount of $2,500.00 making a total of $2,700.00." Plaintiffs did not appeal the order, nor did they post the bond. The case was calendared and came before Judge Winberry on 29 April 1985. The record is not clear whether the case was calendared for trial or simply for a motion hearing. Judge Winberry inquired as to why no bond had been posted, and found that no cause was presented why the action should not be dismissed. Judge Winberry, *ex mero motu*, dismissed the action with prejudice, relying on G.S. 1-109. Plaintiffs appeal. After the action had been dismissed, plaintiffs posted the bond.

I

[1] Plaintiffs argue that the trial court lacked authority to require a bond in the amount of $2,700.00 and to dismiss the action for failure to post that bond. Plaintiffs additionally argue that they were denied due process by having their action dismissed *ex mero motu* without notice that their noncompliance with the bond order would be the subject of the 29 April 1985 hearing. They do *not* contend that there was any other good cause for their failure to post the bond. Unless the amount of the bond was itself unlawful, we are bound by Judge Winberry's finding that there was no sufficient cause.

II

We turn first to the statute, G.S. 1-109:

> At any time after the issuance of summons, the clerk or judge, upon motion of the defendant, shall require the plaintiff to do one of the following things and the failure to comply with such order within 30 days from the date thereof shall constitute grounds for dismissal of such civil action or special proceeding:

Narron v. Union Camp Corp.

(1) Give an undertaking with sufficient surety in the sum of two hundred dollars, with the condition that it will be void if the plaintiff pays the defendant all costs which the latter recovers of him in the action.

(2) Deposit two hundred dollars ($200.00) with him as security to the defendant for these costs, in which event the clerk must give to the plaintiff and defendant all costs which the latter recovers of him in the action.

(3) File with him a written authority from a superior or district court judge or clerk of a superior court, authorizing the plaintiff to sue as a pauper: Provided, however, that the requirements of this section shall not apply to the State of North Carolina or any of its agencies, commissions or institutions, or to counties, drainage districts, cities and towns; provided, further, that the State of North Carolina or any of its agencies, commissions or institutions, and counties, drainage districts, cities and towns may institute civil actions and special proceedings without being required to give a prosecution bond or make deposit in lieu of bond.

This language is similar in its operative provisions to G.S. 1-111, which deals with defendant's bond. Were we to apply G.S. 1-109 literally without the benefit of earlier decisions, we might conclude that plaintiffs are correct in their assertion that the court may require a bond of $200.00 and no more.

However, our Supreme Court has construed this statutory language otherwise. The operative portions of G.S. 1-109 and G.S. 1-111 have been in effect for many years. 1 Revisal of 1908 of N.C. Section 450 (Pell ed. 1908); 1 Code of N.C. Sections 209, 237 (1883); Public Statutes of N.C., Code of Civ. P. Sections 71, 382 (Battle rev. ed. 1873). A line of older authority, never overruled and unaffected by subsequent, merely formal amendments, has consistently construed these statutes as allowing the court in its discretion to require additional security for costs beyond the $200.00 statutory figure.

In *Kenney v. Seaboard Air Line Ry. Co.*, 166 N.C. 566, 82 S.E. 849 (1914), the court approved orders requiring an additional bond to cover costs of an appeal to the Supreme Court:

> If it should appear that the costs of this Court will probably exhaust the prosecution bond, and leave those of the court below unsecured, there is ample remedy to avoid the supposed unjust result by application to increase the penalty of bond—a not unusual procedure in the courts. [Citations.]

*Id.* at 571-72, 82 S.E. at 850. In *Vaughan v. Vincent*, 88 N.C. 116 (1883), the court affirmed an order striking defendant's answer for failing to post additional bond. In *Rollins v. Henry*, 77 N.C. 467 (1877), the court approved setting the bond in excess of the statutory amount to protect innocent parties against damage from what it apparently considered unnecessarily vexatious litigation. *See also In re Winborne*, 231 N.C. 463, 57 S.E. 2d 795 (1950) (general discretionary authority of trial court in matters of prosecution bonds); *Adams v. Reeves*, 76 N.C. 412 (1877) (motion for additional security addressed solely to discretion of trial judge). These precedents establish the court's authority to set bond in an amount above the $200.00 statutory limit. Defendant's motion for an additional bond was timely and plaintiffs have not disputed the facts found by the court to support the additional bond required. Judge Brown's order was proper. It follows from the clear language of the statute that plaintiffs' failure to post the bond subjected their action to dismissal. *See Vaughan v. Vincent, supra.*

### III

We consider now whether the trial court acted properly in dismissing the action.

### A

[2] Plaintiffs argue that there should have been some motion by defendants prior to the court's considering whether to dismiss their action. While that practice may be usual and customary, it is not required. Dismissal for failure to post a required bond is a matter "incidental to jurisdiction," not the merits. *Mintz v. Frink*, 217 N.C. 101, 6 S.E. 2d 804 (1940). Courts have continuing power to supervise their jurisdiction over the subject matter before them, including the power to dismiss *ex mero motu. See Munchak Corp. v. McDaniels*, 15 N.C. App. 145, 189 S.E. 2d 655 (1972) (jurisdiction of Court of Appeals); *Dale v. Lattimore*, 12 N.C. App. 348, 183 S.E. 2d 417 (trial court may raise jurisdictional defects on

own initiative), *cert. denied*, 279 N.C. 619, 184 S.E. 2d 113 (1971); G.S. 1A-1, R. Civ. P. 12(h)(3). Particularly in cases involving surveyors and other court-appointed experts, the court must have power to act *ex mero motu* or without motion by the parties in order to protect innocent third parties. *See Ward v. Taylor*, 68 N.C. App. 74, 314 S.E. 2d 814, *disc. rev. denied*, 311 N.C. 769, 321 S.E. 2d 157 (1984).

## B

Plaintiffs next argue that they were denied due process by the dismissal of their action without advance notice that the court was contemplating dismissal. We believe that the statute provided plaintiffs ample notice that failure to comply with the order *within 30 days* would make their action subject to dismissal at any time. From entry of the bond order until dismissal was 110 days. Plaintiffs had an opportunity to explain to the court their failure to comply, but have not suggested any good reason for their failure. Previously plaintiffs had taken a voluntary dismissal for failure to prosecute the same claims, *seven years* after they were originally filed. Plaintiffs did file the bond following dismissal and have not contended they are paupers or otherwise unable to comply. Under the circumstances, we conclude they cannot now complain of lack of adequate notice and hearing.

## C

In reaching this result we rely in part on *Link v. Wabash R.R. Co.*, 370 U.S. 626, 8 L.Ed. 2d 734, 82 S.Ct. 1386, *reh'g denied*, 371 U.S. 873, 9 L.Ed. 2d 112, 83 S.Ct. 115 (1962). There plaintiffs appealed from an order *ex mero motu* dismissing their action for failure to prosecute. The Supreme Court held that due process does not necessarily require notice and adversary hearing before entry of the dismissal order. The adequacy of notice and hearing depends rather "on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id.* at 632, 8 L.Ed. 2d at 739, 82 S.Ct. at 1390. The Court reviewed the history of the litigation, replete with evidence of delay and inattention by plaintiff and plaintiff's counsel, and held that under the circumstances plaintiff must be charged with knowledge that failure to attend pre-trial conference subjected the action to dismissal. The Court also cited as grounds for deny-

ing relief on appeal plaintiff's failure to file a motion under F. R. Civ. P. 60(b). *Link* is very persuasive here, particularly since North Carolina allows similar motions for post-dismissal relief. G.S. 1A-1, R. Civ. P. 60(b). *See also Tamari v. Bache & Co. (Lebanon) S.A.L.*, 565 F. 2d 1194 (7th Cir. 1977) (affirming *sua sponte* dismissal of complaint following preliminary opinion and no response from plaintiff; procedure "not ideal," but sufficient), *cert. denied*, 435 U.S. 905, 55 L.Ed. 2d 495, 98 S.Ct. 1450 (1978). Under the circumstances of this litigation, we think plaintiffs must be charged with knowledge that their failure to comply with the bond requirement within thirty days subjected their action to dismissal at any time in the discretion of the court.

D

On this record we conclude that Judge Winberry did not abuse his discretion. He had before him a long history of foot-dragging by plaintiffs. Plaintiffs gave no good reason at hearing for failure to post the bond, to which they did not object at the time it was set. Rather, plaintiffs chose simply to ignore the bond requirement. We note also that plaintiffs never moved in the trial court for relief under G.S. 1A-1, R. Civ. P. 60(b). The action was properly dismissed.

CONCLUSION

The trial court did not abuse its discretion in requiring a prosecution bond of $2,700.00. It had authority to dismiss the action on its own initiative when plaintiffs failed to post the bond within the statutory period. It did not abuse its discretion in ordering the dismissal. Accordingly, the order appealed from is

Affirmed.

Judges WEBB and PARKER concur.