MARY E. DAFFORD, Plaintiff v. JP STEAKHOUSE LLC, and SAGEBRUSH OF
NORTH CAROLINA LLC, Defendant

No. COA10-101

(Filed 5 April 2011)

**1. Appeal and Error— violation of appellate rules—plaintiff's violations nonjurisdictional—defendant's counsel taxed printing costs**

Although plaintiff's brief did not strictly comply with the relevant provisions of N.C. R. App. P. 28, those deficiencies constituted a violation of nonjurisdictional requirements that did not lead to dismissal of the appeal. Defendant's single-spaced brief violated N.C. R. App. P. 26(g)(1). Pursuant to N.C. R. App. P. 34, the Court of Appeals sanctioned defendant's counsel by requiring that they pay the printing costs of the appeal.

**2. Negligence— damages—denial of motion for new trial—no abuse of discretion**

The trial court did not abuse its discretion in failing to grant plaintiff's motion for a new trial in a negligence case on the issue of damages based on plaintiff's claim that the jury entered into a compromise verdict. Plaintiff's evidence of damages was disputed and the jury may award damages based on the evidence they find credible and may disregard the evidence they do not find credible.

**3. Appeal and Error— liability—denial of motion of directed verdict—moot**

Plaintiff's argument that the trial court erred by denying her motion for a directed verdict as to defendant's liability in a negligence case was not addressed by the Court of Appeals. The issue was moot as the jury found that defendant was negligent.

**4. Appeal and Error— denial of petition for costs—no written order**

The Court of Appeals did not address plaintiff's argument that the trial court erred by denying her petition for costs as there was no written order entered regarding plaintiff's petition.

Appeal by plaintiff from judgment entered 31 August 2009 and order entered 8 October 2009 by Judge Franklin F. Lanier in Superior Court, Harnett County. Heard in the Court of Appeals 30 August 2010.

DAFFORD. v. JP STEAKHOUSE LLC

[210 N.C. App. 678 (2011)]

*Michaux & Michaux, P.A., by Eric C. Michaux, for plaintiff-appellant.*

*Allen, Kopet and Associates, PLLC, by Stephen F. Dimmick and Scott J. Lasso, for defendant-appellees.*

STROUD, Judge.

Plaintiff slipped on "a dollop of creamy, yellow. . . . unattended butter" on the floor of defendants' restaurant; due to injuries sustained in her fall, plaintiff filed a complaint against defendants for negligence. After trial of plaintiff's claim, the jury found that plaintiff was injured by defendants' negligence and that she should recover $4,635.70 for her injuries. Plaintiff filed a motion for a new trial[1] and a "PETITION FOR COSTS[;]" the trial court denied both. Plaintiff appeals the trial court's judgment awarding her $4,635.70, the trial court order denying her request for a new trial, and the trial court's denial of her "PETITION FOR COSTS[.]" For the reasons stated below, we affirm the trial court's judgment awarding damages and order denying a new trial; we dismiss plaintiff's appeal as to the trial court's denial of plaintiff's "PETITION FOR COSTS[.]"

## I. Appellate Procedure Rules Violations

[1] Defendants first direct our attention to numerous appellate rule violations on the part of plaintiff. However, defendants themselves have both cited the wrong version of the Rules of Appellate Procedure and committed an appellate rule violation. The North Carolina Rules of Appellate Procedure were revised in 2009, and the revisions are effective for all "appeals filed on or after 1 October 2009." *Latta v. Rainey,* —— N.C. App. ——, ——, 689 S.E.2d 898, 905 n.4 (2010). Plaintiff's "NOTICE OF APPEAL" was filed 9 November 2009, and thus this case is subject to the newest version of the Rules of Appellate Procedure. *See id.* It appears that neither party proceeded under the revised rules. We will address the errors committed by both parties.

---

1. On or about 30 July 2009, plaintiff filed a "MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE MOTION FOR NEW TRIAL (Rules 50(b) and 59(a)(6))[.]" The record also contains a 21 September 2009 A MOTION TO SET ASIDE JURY VERDICT AND GRANT NEW TRIAL[;]" however, it does not appear from the record that the 21 September 2009 motion was ever filed or served. On appeal, plaintiff has only addressed her motion for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59, and thus we will only refer to plaintiff's 31 July 2009 motion for a new trial which the record shows was filed and served.

As to plaintiff's appeal, defendant's brief first addresses the fact that plaintiff has abandoned several of her "Assignments of Error" and that her "Assignments of Error" fail to give "clear and specific record or transcript references." However, neither "assignments of error" nor "clear and specific" references for assignments of error are required under the revised rules. In lieu of assignments of error, Rule 10(b) now provides that

> [p]roposed issues that the appellant intends to present on appeal shall be stated without argument at the conclusion of the record on appeal in a numbered list. Proposed issues on appeal are to facilitate the preparation of the record on appeal and shall not limit the scope of the issues presented on appeal in an appellant's brief.

N.C.R. App. P. 10(b).

Defendants also raise a more serious and substantive rule violation by plaintiff as to the content of the notice of appeal. Rule 3(d) states that "[t]he notice of appeal required to be filed and served by subsection (a) of this rule . . . shall designate the judgment or order from which appeal is taken[.]" N.C.R. App. P. 3(d). Rule 3(d) was not substantively changed by the revisions. Plaintiff's notice of appeal, filed on 9 November 2009, gives notice of appeal "from: 1) the Final Order entered on 8 October 2009 in the Superior Court of Harnett County awarding a judgment to the Plaintiff and against Defendants for damages; and 2) all other Orders entered in the Superior Court of Harnett County[.]" However, the judgment which ordered that plaintiff receive a monetary award was entered on 31 August 2009; the order denying plaintiff's motion for a new trial was entered on 8 October 2009. Thus, plaintiff described the 31 August 2009 judgment but gave the date for the 8 October 2009 order in the notice of appeal. The additional language in the notice of appeal as to "all other Orders entered" by the trial court fails to "designate the judgment or order from which appeal is taken[.]" N.C.R. App. P. 3(d).

Furthermore, in plaintiff's brief, she states that she appeals from

> the denial of the Court to enter Judgment on the issue of liability during the trial of this matter at the close of all evidence . . .; the Denial of Plaintiff's Motion for Costs, dated 23 July 2009, . . .; the denial of the Court to grant Plaintiff's Motion for Judgement [sic] Notwithstanding the Verdict or in the Alternative to Award a New Trial, filed 9 October 2009[.]

DAFFORD. v. JP STEAKHOUSE LLC

[210 N.C. App. 678 (2011)]

Thus, considering plaintiff's notice of appeal and plaintiff's brief, we, like defendants, have had some difficulty discerning the precise rulings from which plaintiff is attempting to appeal.

Compliance with Rule 3 is required for this Court to have jurisdiction to consider plaintiff's appeal. *See Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) ("In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure.") However,

we may liberally construe a notice of appeal in one of two ways to determine whether it provides jurisdiction. . . . First, a mistake in designating the judgment or in designating the part appealed from if only a part is designated, should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake. Second, if a party technically fails to comply with procedural requirements in filing papers with the court, the court may determine that the party complied with the rule if the party accomplishes the functional equivalent of the requirement.

Mistakes by appellants in following all the subparts of Appellate Procedure Rule 3(d) have not always been fatal to an appeal. For example, Rule 3(d) requires the appellant to designate the judgment or order from which appeal is taken. In *Strauss v. Hunt*, 140 N.C. App. 345, 350-51, 536 S.E.2d 636, 640 (2000), however, the appellant omitted an earlier trial court order and referred only to a later order in her notice of appeal, but the Court of Appeals found it could fairly infer her intent to appeal from the earlier order. Although defendant referred only to the 11 June 1999 order in her notice of appeal, we conclude the notice fairly inferred her intent to appeal from the 21 April 1999 order, and did not mislead the plaintiff. Similarly, in *Evans v. Evans*, 169 N.C. App. 358, 363, 610 S.E.2d 264, 269 (2005), the defendant gave notice she appealed an order denying Defendant's claim for child custody and child support, but omitted from the notice of appeal the post-separation support and divorce from bed and board. The Court of Appeals nevertheless found jurisdiction over the post-separation support and divorce from bed and board, concluding it is readily apparent that defendant is appealing from the order dated 18 December 2001 which addresses not only child custody

and support but also post-separation support and divorce from bed and board.

*Stephenson v. Bartlett,* 177 N.C. App. 241-42, 628 S.E.2d 442, 443-44 (citations, quotation marks, and brackets omitted), *disc. review denied,* 360 N.C. 544, 635 S.E.2d 58 (2006).

Based upon *Stephenson,* we therefore consider whether plaintiff's "intent to appeal from a specific judgment can be fairly inferred from the notice and [whether] the appellee [was] misled by the mistake." *Stephenson* at 241, 628 S.E.2d at 443. Plaintiff's notice of appeal, although confusing, does identify both the judgment awarding damages entered on 31 August 2009 and the order denying plaintiff's motion for a new trial entered on 8 October 2009. However, in addition, in her brief, plaintiff claims also to be appealing from "the Denial of Plaintiff's Motion for Costs, dated 23 July 2009[.]"

Prior cases have determined that where the substantive issues are identified in the notice of appeal, the appellee is not "misled by the mistake." *Id.; see, e.g., Strauss v. Hunt,* 140 N.C. App. 345, 350, 536 S.E.2d 636, 640 (2000) ("The 11 June 1999 order referenced in the notice of appeal is the order which denied defendant's motion to alter or amend the 21 April 1999 order. Defendant's motion was based on the same grounds as the two disputed assignments of error—that the court's 21 April 1999 order was in error. It can thus be plainly inferred that defendant intended to appeal the 21 April 1999 order. As plaintiff also knew the substance of defendant's motion to alter or amend, we conclude plaintiff was not misled by this pro se appellant's failure to cite the 21 April 1999 order in her notice of appeal."). Here, the rulings from which plaintiff claims to have appealed do not all raise the same issues. Plaintiff's appeal from the judgment raises the issues of the trial court's denial of plaintiff's motion for directed verdict on the issue of liability.[2] The appeal from both the judgment awarding money and the order denying plaintiff's motion for a new trial put defendant on notice that plaintiff was appealing the damages awarded by the jury.

Plaintiff's purported appeal of the trial court's denial of her "PETITION FOR COSTS" presents legal issues different from either liability or the damages awarded by the jury, as it was based upon dif-

---

2. Plaintiff was obviously not contesting the outcome of the liability portion of the trial as defendants were found to be liable, but plaintiff was claiming that a directed verdict should have been granted on liability and that the trial court's failure to do so affected the outcome on the issue of damages.

ferent statutory grounds and was filed and heard separately from the other post-trial motions. However, no written order was ever filed as a result of the hearing on the petition for costs. In the record on appeal, the parties entered into a "STIPULATION AND AGREEMENT OF COUNSEL" which provides that the trial court "in open court denied the petition of Plaintiff's counsel. Counsel for the Plaintiff and counsel for the Defendant submitted proposed orders that were not executed by the presiding judge and thus no written order was made a part of the Record." Yet plaintiff cannot appeal from and this Court cannot consider an order which has not been entered. *See Munchak Corp. v. McDaniels*, 15 N.C. App. 145, 147-48, 189 S.E.2d 655, 657 (1972) ("The general rule is that, the mere ruling, decision, or opinion of the court, no judgment or final order being entered in accordance therewith, does not have the effect of a judgment, and is not reviewable by appeal or writ of error. As to oral opinions it is said that, a mere oral order or decision which has never been expressed in a written order or judgment cannot, under most authorities, support an appeal or writ of error. There is case authority in North Carolina for this rule. In *Taylor v. Bostic*, 93 N.C. 415 (1885) the trial court entered a written statement of his opinion, but no order or judgment was entered. The North Carolina Supreme Court held that the appeal was premature, there being no judgment and therefore no question of law presented from which appeal could be taken." (citations, quotation marks, and brackets omitted)). We therefore conclude that the trial court's oral denial of plaintiff's petition for costs is not reviewable at this time, although the trial court's ruling on plaintiff's petition for costs would be subject to appeal and review after the trial court's entry of a written order.

Defendants also note that plaintiff's brief fails to state a "specific statutory basis for the plaintiff's appeal[,]" "offer proper citations to the record[,]" and provide proper standards of review for each argument pursuant to North Carolina Rule of Appellate Procedure 28(b)(4)-(6). *See* N.C.R. App. P. 28(b)(4)-(6). However, plaintiff's failure to comply with North Carolina Rule of Appellate Procedure 28(b)(4)-(6) is not fatal to plaintiff's appeal. *See Blackburn v. Carbone*, —— N.C. App. ——, ——, 703 S.E.2d 788, 791 n.1 (2010) ("Plaintiff allegedly violated various provisions of the North Carolina Rules of Appellate Procedure, including . . . failing to set out his entire argument in the appropriate section of his brief and omitting a statement of the applicable standard of review with respect to each issue as required by N.C.R. App. P. 28(b)(6) . . . . Although we agree

that Plaintiff's brief does not strictly comply with the relevant provisions of N.C.R. App. P. 28, we do not believe that these deficiencies are jurisdictional in nature or constitute any sort of default. Instead, we believe that they constitute a violation of nonjurisdictional requirements that normally should not lead to dismissal of the appeal." (citation and quotation marks omitted)); *In re Williams*, —— N.C. App. ——, ——, 701 S.E.2d 399, 401 n.2 (2010) ("We note that petitioners did not include a standard of review in their brief to this Court, in violation of Rule 28(b)(4) of our Rules of Appellate Procedure. . . . Because these violations did not hamper our review of the matters before us, we do not issue sanctions against petitioners. Nonetheless, we caution future appellants to conform the format and substance of their briefs to our Rules."); *Mosteller v. Duke Energy Corp.*, —— N.C. App. ——, ——, 698 S.E.2d 424, 430 (2010) ("We agree with defendant that portions of plaintiff's statement of the facts in her brief violate N.C.R. App. P. 28(b)(5), in that it includes facts without supporting references to pages in the record on appeal or exhibits. However, only in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate." (citation and quotation marks omitted)).

As to defendants' rule violation, both the revised and former versions of the Rules of Appellate Procedure provide that in the briefs "[t]he body of text shall be presented with double spacing between each line of text." N.C.R. App. P. 26(g)(1). Yet defendants' brief is single-spaced. We find it odd that defendants would raise plaintiff's appellate rule violations via a brief that so blatantly fails to comply with such a basic requirement of the appellate rules. We admonish defendants to comply with the Rules of Appellate Procedure, and pursuant to Rule 34, we sanction defendants' counsel by requiring that they pay the printing costs  of this appeal and instruct the Clerk of this Court to enter such an order. *See State v. Riley*, 167 N.C. App. 346, 347-48, 605 S.E.2d 212, 214 (2004) ("Before addressing defendant's arguments, we note that defendant's brief is single-spaced, contrary to the requirements of Appellate Rule 26(g). The Rules have contained this requirement since 1988. The Rules are mandatory, and serve particular purposes; this Rule facilitates the reading and comprehension of large numbers of legal documents by members of the Court and staff. Because of this very obvious violation of Rule 26(g), we enter as a sanction that defendant's counsel pay the printing costs of this appeal, and instruct the Clerk of this Court to enter an order accordingly.")

**DAFFORD. v. JP STEAKHOUSE LLC**

[210 N.C. App. 678 (2011)]

## II. Denial of Motion for a New Trial

**[2]** Plaintiff first argues that the trial court erred in failing to grant her motion for a new trial on the issue of damages pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(7) because "the verdict was inconsistent, and the circumstances so strongly suggest it was reached as a compromise[.]"[3] (Original in all caps.); *see* N.C. Gen. Stat. § 1A-1, Rule 59(a)(7) ("A new trial may be granted to all or any of the parties and on all or part of the issues for . . . [i]nsufficiency of the evidence to justify the verdict or that the verdict is contrary to law[.]"). Despite plaintiff's description of the verdict as "inconsistent[,]" (original in all caps), plaintiff is not arguing that the jury's answers to issues presented to it were contradictory in any way; instead, plaintiff argues that as defendants' liability for negligence was "undisputed" and plaintiff's evidence of her damages was "uncontroverted[,]" the jury must have entered a verdict by compromise as they found liability for negligence on the part of defendants, but awarded her far less than her "uncontroverted" damages.

This Court reviews a trial court's order on a motion for new trial for abuse of discretion. *See Estate of Smith v. Underwood,* 127 N.C. App. 1, 12, 487 S.E.2d 807, 814, *disc. review denied,* 347 N.C. 398, 494 S.E.2d 410 (1997).

> A motion for a new trial on the grounds of inadequate damages is addressed to the sound discretion of the trial court. Reversal on any ground should be limited to those exceptional cases where an abuse of discretion is clearly shown. An appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice.

*Id.* (citations, quotation marks, ellipses, and brackets omitted).

In support of plaintiff's argument that the amount of damages was inadequate such that she is entitled to a new trial, plaintiff cites to *Robertson v. Stanley,* 285 N.C. 561, 206 S.E.2d 190 (1974) and *Wilkinson v. Cruz,* 328 N.C. 561, 402 S.E.2d 408 (1991); however, neither *Robertson* nor *Wilkinson* are controlling of this case. In

---

3. As a result of the fact that a claim for attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5 is not part of plaintiff's "underlying substantive claim," *Bumpers v. Community Bank of Northern Virginia,* 364 N.C. 195, 200, 695 S.E.2d 442, 446 (2010), the fact that plaintiff's attorney's fee claim has not been resolved in the court below does not deprive us of the ability to decide the remainder of plaintiff's arguments on appeal.

*Robertson*, causation and medical expenses were stipulated to in the trial before the jury. *See Robertson* at 564, 206 S.E.2d at 192 ("In the consolidated trial of the actions—one by the father for medical expenses and the other by the son for personal injuries—the following was stipulated by counsel and read to the jury: 'In addition to the other stipulations contained herein, the parties stipulate and agree with respect to the following undisputed facts . . . . That at the time of the accident, said Douglas Wayne Robertson was struck by an automobile being operated by the defendant. As a result of the accident, Douglas Wayne Robertson suffered a dislocation of his right sternoclavicular joint which resulted in his hospitalization on three occasions and caused George Dillard Robertson [his father] to incur expenses in the amount of one thousand nine hundred and seventy dollars.' This judicial admission conclusively established in both cases the amount of medical expense incurred by the father and that the injury suffered by the son was the proximate result of being struck by defendant's automobile. This left for jury determination the questions of negligence, contributory negligence, and the amount of damages, if any, Douglas Wayne Robertson, the minor son, was entitled to recover."). In *Wilkinson*, the Supreme Court *per curiam* reversed the Court of Appeals decision without explanation save that their decision was based on Robertson. *Wilkinson* at 568, 402 S.E.2d at 408.

Here, unlike *Robertson*, plaintiff's evidence was controverted by defendants. Defendants contested both the cause of plaintiff's alleged injuries and whether her medical expenses were related to injuries caused by her fall. Plaintiff's alleged injuries included a trapezium fracture, carpal tunnel syndrome, a rotator cuff tear, and a scapholunate ligament tear. Dr. George Edwards, a medical expert witness, testified that there was "less than a 50 percent chance" that plaintiff had a trapezium fracture at all; her carpal tunnel syndrome and scapholunate tear were not caused by her fall; and her rotator cuff tear did not have "anything to do with the injury, primarily because of the lack of symptoms at the time of the injury." Upon review of the testimony and medical records, it is clear that plaintiff's evidence was disputed.

As support for her theory that the jury entered into a compromise verdict, plaintiff argues that the jury's verdict was calculated as follows:

| | |
|---|---|
| Betsy Johnson Emergency Room | $1,532.70 |
| Cape Fear Valley Hospital | $1,053.00 |
| Carolina Regional Radiology | $2,050.00 |
| Total | $4,635.70 |

DAFFORD. v. JP STEAKHOUSE LLC

[210 N.C. App. 678 (2011)]

Although plaintiff characterizes the possible method of calculation of damages by the jury as indicating a compromise, plaintiff's calculation may actually demonstrate that the jury based its verdict on the evidence. If plaintiff is correct, then the jury's verdict seems to indicate that they believed that plaintiff sustained injuries in the fall, and therefore, awarded her damages for her initial evaluation and treatment after the fall, but they rejected plaintiff's claim that her further medical expenses were related to her fall. However, whether plaintiff's calculation is correct or not is irrelevant since the jury, as the trier of fact, may award damages based on the evidence they find credible and may disregard the evidence they did not find credible. *Delta Environmental Consultants of N.C. v. Wysong & Miles Co.*, 132 N.C. App. 160, 171, 510 S.E.2d 690, 697 ("Generally, the trier of fact, in this case the jury, must resolve issues of credibility and determine the relative strength of competing evidence."), *disc. review denied*, 350 N.C. 379, 536 S.E.2d 70 (1999). We thus conclude that the trial court did not abuse its discretion in denying plaintiff's motion for a new trial pursuant to Rule 59(a)(7). This argument is overruled.

### III. Denial of Motion for a Directed Verdict

[3] Plaintiff also appeals the trial court's denial of her motion for a directed verdict as to defendants' liability. Plaintiff argues that because the trial court did not grant a directed verdict as to defendant's negligence, the jury became "distracted" by the negligence issue and this caused them to compromise as to damages. This seems to be just another way of stating plaintiff's first argument that the jury improperly entered a compromise verdict. However, the jury did find that defendants were negligent in causing plaintiff's injury, and thus this issue is moot as even if we were to agree with plaintiff that the trial court should have granted a directed verdict as to defendant's negligence, this would have no effect on the result. *Roberts v. Madison County Realtors Ass'n*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996) ("A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.") The jury did find defendants negligent, and as discussed above, the trial court did not err by its denial of plaintiff's motion for new trial as to damages. This argument is overruled.

### IV. Petition for Costs

[4] We will not address plaintiff's last argument as to the trial court's denial of her "PETITION FOR COSTS" as there was no written order entered regarding plaintiff's petition.

V. Conclusion

For the reasons previously stated, we affirm the trial court's 31 August 2009 judgment and 8 October 2009 order.

AFFIRMED IN PART; DISMISSED IN PART.

Chief Judge MARTIN and Judge ERVIN concur.